Filed 3/30/16 Unmodified opinion attached

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ORLANDO GUTIERREZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B264167<br>(Super. Ct. No. LA075268)<br>(Ventura County)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed on March 2, 2016, be modified as follows:

On page 8, in the first full paragraph, the last sentence beginning "This same concern" is deleted and replaced with the following:

We need not decide whether this requirement applies in PRCS revocation proceedings because appellant fails to demonstrate he was prejudiced by the fact he did not appear in court within 10 days of his arrest. (See *In re La Croix* (1974) 12 Cal.3d 146, 154 ["[A] parolee whose parole has been revoked after a properly conducted revocation hearing is not entitled to have the revocation set aside unless it appears that the failure to accord him a prerevocation hearing resulted in prejudice to him at the revocation hearing"].)

There is no change in the judgment.

Filed 3/2/16 Unmodified opinion

## CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE, | 2d Crim. No. B264167 |
| Plaintiff and Respondent, | (Super. Ct. No. LA075268, also listed as 2014024993) |
| v. | (Ventura County) |
| ORLANDO GUTIERREZ, |  |
| Defendant and Appellant. |  |

Orlando Gutierrez was subject to postrelease community supervision (PRCS) when he was arrested for being under the influence of a controlled substance and tested positive for methamphetamine. Appellant had an informal probable cause hearing before a probation officer three days after his arrest. His first court appearance occurred 23 days later. Twenty-six days after his arrest, while he was still in custody, the trial court heard both appellant's motion to dismiss a petition for revocation of PRCS and the petition itself. It denied the motion to dismiss, found appellant in violation of PRCS, ordered him to serve 60 days in county jail, and granted him 52 days credit. Appellant contends the trial court erred because the PRCS revocation process violates his rights to due process and equal protection, and the requirements of Proposition 36. We remand the matter for a determination of whether appellant qualifies for treatment under Proposition 36. In all other respects, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On November 11, 2013, appellant was convicted of unlawful possession of a firearm. (Pen. Code,1 § 29800, subd. (a)(l)), and sentenced to two years in prison. On September 14, 2014, he was released from prison and placed on PRCS, under the supervision of the Ventura County Probation Agency. The conditions of his release required, among other things, that appellant consent to drug testing, refrain from using controlled substances, and refrain from engaging in conduct prohibited by law.

On February 14, 2015, Oxnard Police Department officers arrested appellant for being under the influence of a controlled substance and he tested positive for methamphetamine. On February 17, a senior deputy probation officer conducted an administrative probable cause proceeding. The probation officer met with appellant, who acknowledged he had read and received written notice of alleged violations of the terms of his PRCS, and that he had a right to speak on his behalf and present letters and documents at the administrative probable cause hearing. Appellant denied he committed the February 14 offense, and claimed there was a conspiracy by the Oxnard Police Department to keep him in custody. He declined probation's recommended offer to return him to PRCS supervision if he would admit the alleged violations of PRCS and serve 120 days in jail. The probation officer determined there was probable cause that appellant violated the terms of his PRCS by using a controlled substance.

On February 23, 2015, probation filed a petition for revocation of PRCS pursuant to section 3455, with a March 12, superior court revocation hearing date. The petition attached the probation officer's report describing the terms and conditions of supervision and the circumstances of the violations, with supporting documents.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

2

On March 12, appellant filed a request to dismiss the revocation petition. In his written request and during proceedings on that date, he argued the revocation process violated his due process, and cited *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*). The trial court ruled that *Williams*, a parole revocation case, had no application to PRCS. It found that probation had conducted a probable cause hearing consistent with *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*) standards on February 17 and denied appellant's dismissal request.

Counsel for appellant argued he was entitled to treatment rather than a custodial sanction for a nonviolent drug offense. Counsel did not indicate whether appellant was already on Proposition 36 probation.[2] Appellant submitted the matter on the allegations in the petition. The trial court found him in violation of PRCS, ordered him to serve 60 days in jail, and granted him 52 days of credit (including actual custody and conduct credits).

*PRCS Act*

The PRCS was created by the Legislature in 2011 as an alternative to parole for non-serious, nonviolent felons. It is similar, but not identical to parole. A felon who qualifies for PRCS may be subject to supervision for up to three years after his or her release from prison. (§ 3451, subd. (a).) This supervision is conducted by a county agency, such as the Ventura County Probation Agency, rather than by the state Department of Corrections and Rehabilitation. *(Ibid.*; *People v. Isaac* (2014) 224 Cal.App.4th 143, 145.) The supervised person may be subject to various sanctions for violating the conditions of his or her PRCS, including incarceration in the county jail, but may not be returned to state prison for

---

[2] One document submitted with the revocation petition contains an incomplete reference which suggests appellant pled guilty to a November 17, 2014 violation of Health and Safety Code section 11377, subdivision (a), and was placed on Proposition 36 probation for 36 months.

3

PRCS violations.  (§ 3458; see also *People v. Espinoza* (2014) 226 Cal.App.4th 635, 639.)

Some PRCS conditions are mandated by statute.  (§ 3453.)  The county supervising agency also has authority to "determine additional appropriate conditions of supervision . . ., order the provision of appropriate rehabilitation and treatment services, determine appropriate incentives, and determine and order appropriate responses to alleged violations, which can include, but shall not be limited to, immediate, structured, and intermediate sanctions up to and including . . . flash incarceration in a city or county jail."  (§ 3454, subd. (b).)

A parolee alleged to have violated the terms of his or her release is arrested and brought before the court.  (§ 1203.2, subd. (a)(5); § 3000.08, subd. (c).)  By contrast, a person subject to PRCS is arrested and brought before the supervising county agency, if their supervising officer, or any peace officer, has probable cause to believe the person has violated the conditions of his or her PRCS.  (§ 3455, subd. (b)(1).)[3]  The supervising county agency has authority to return the person to PRCS with modified conditions, including a period of incarceration in county jail, if it determines a violation has occurred.  (*Id.* at subd. (a)(1).)

If the supervising agency determines that intermediate sanctions are not appropriate, the agency shall petition the court pursuant to section 1203.2 to revoke, modify, or terminate PRCS.  (§ 3455, subd. (a).)  The petition must include a written report from the supervising agency that explains "the relevant terms and conditions of [PRCS], the circumstances of the alleged underlying violation, the history and background of the violator, and any recommendations."  (*Ibid.*; Cal. Rules of Court, rule 4.541 (c).)

---

[3] Section 3455 is unconstitutional to the extent that it amends the treatment of nonviolent drug possession offenders and permits their incarceration under circumstances prohibited by Proposition 36 and section 3063.1.  (*People v. Armogeda* (2015) 233 Cal.App.4th 428, 435-436.)

4

The supervised person is entitled to notice of a petition for revocation of his or her PRCS. (§ 1203.2, subd. (b)(l).) Thereafter, the person may waive a formal hearing and agree to modifications of his or her PRCS conditions. Otherwise, the court holds a formal hearing at which the supervised person is entitled to representation by retained or appointed counsel. (*Id.* at subd. (b)(2).) This hearing shall be held within a reasonable time after the filing of the revocation petition. (§ 3455, subd. (c).)

The supervising agency may order the supervised person to remain in custody, if the agency determines, by a preponderance of the evidence, that the person poses a public safety or flight risk, or for any reason in the interests of justice. (§ 3455, subd. (c).)

At the revocation hearing, the trial court is required to review and consider the probation officer's report. After considering that report, the court determines whether the alleged violations occurred and if so, whether to revoke or terminate the person's PRCS. (§ 1203.2, subd. (b)(l).)

DISCUSSION

Appellant contends the process used to revoke his PRCS violated his right to due process because he was not promptly arraigned or given a probable cause hearing before a neutral decision maker, as required by *Morrissey*. Because the process afforded persons subject to PRCS differs from that afforded to parolees, appellant further argues the PRCS revocation process violates his right to equal protection. Finally, appellant argues the revocation process violates Proposition 36 because it permits a nonviolent drug possession offender to be incarcerated rather than referred to treatment. (§ 3063.1, subd. (d).)

*Due Process*

*Morrissey* held that the requirements of due process apply to parole revocation proceedings. (*Morrissey*, *supra*, 408 U.S. 471 at p. 481.) The minimum requirements of due process to which each parolee is entitled include "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence

5

against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking parole." *(Id.* at p. 489.)

In *People v. Vickers* (1972) 8 Cal.3d 451, our Supreme Court held that probation revocation proceedings need not be identical to parole revocation procedures, so long as equivalent safeguards are in place to assure that a probationer is not arbitrarily deprived of his or her liberty for a significant period of time. (*Id.* at p. 458.) "Once taken into custody . . . due process requires that [the probationer] be accorded both preliminary and formal hearings which conform to *Morrissey* standards." (*Id.* at p. 460.) The probationer is also entitled to representation "by retained or appointed counsel at all revocation proceedings other than at summary proceedings had while the probationer remains at liberty after absconding." (*Id.* at p. 461.)

In parole revocation proceedings, "due process requires that after the arrest, the determination that reasonable ground exists for revocation of parole should be made by someone not directly involved in the case." *(Morrissey*, *supra*, 408 U.S. at p. 485.) This determination need not be made by a judicial officer but may, for example, be made by a parole officer other than the one who initiated the revocation process. (*Id.* at p. 486.) By contrast, "a unitary hearing will usually suffice in probation revocation cases to serve the purposes of the separate preliminary and formal revocation hearings outlined in *Morrissey." (People* v. *Coleman* (1975) 13 Cal.3d 867, 894-895.)

Appellant contends he was deprived of due process because he was not arraigned before a court within 10 days of his arrest, and did not receive a *Morrissey*-compliant probable cause hearing within 15 days of his arrest. The

6

petition for revocation and the accompanying report indicate that three days after appellant's arrest and six days before the revocation petition was filed, a probation officer met with appellant to discuss his alleged violation and the recommendation that he serve 120 days in jail. Appellant availed himself of the opportunity to speak at the hearing, denied the February 14 offense, declined the recommended sanction, refused to waive his right to a section 3455 revocation hearing, and requested the appointment of counsel.

*Morrissey* requires only an informal hearing to determine whether reasonable grounds exist for the revocation of PRCS, conducted by "someone not directly involved in the case." *(Morrissey*, *supra*, 408 U.S. at p. 485; see also *People* v. *Coleman*, *supra*, 13 Cal.3d at pp. 894-895 ["a unitary hearing will usually suffice in probation revocation cases"].) These standards were satisfied here. The record does not suggest that the probation officer who conducted the probable cause hearing was involved in appellant's arrest.

*Williams*, *supra*, 230 Cal.App.4th 636, the case on which appellant relies, is distinguishable because it involved the revocation of parole, not PRCS. *Williams* held that a parolee who remains in custody pending a formal revocation hearing has a due process right to an in-court arraignment within 10 days of arrest, a probable cause hearing within 15 days after the arrest, and a revocation hearing within 45 after arrest. (*Id.* at p. 665.) It did not consider whether due process requires the same time limits be observed in a PRCS revocation proceeding.

As we have noted, parole and PRCS, while similar in some respects, remain two separate forms of supervision. *(People v. Espinoza*, *supra*, 226 Cal.App.4th at p. 639.) One significant difference between the two systems appears in the beginning stage of each process. After a person subject to PRCS is arrested for an alleged violation of his or her PRCS terms, that person is first brought before the supervising agency, which determines whether probable cause supports the alleged PRCS violations. (§ 3455, subd. (b)(l).) A parolee arrested for violating the

7

terms of his or her parole is initially brought before the court.  (§ 3000.08, subd. (c).)

The *Williams* court was concerned that a parolee not be held in custody indefinitely before that initial court hearing.  It imposed the 10-day arraignment requirement to insure that parolees would be held in custody for no longer than the statutory flash incarceration period (§ 3000.08, subd. (e)), without appearing in court.  *(Williams*, *supra*, 230 Cal.App.4th at p. 663.)  This same concern does not apply in PRCS revocation proceedings because the first step in that process is a *Morrissey*-compliant informal hearing before the supervising agency.

*Equal Protection*

Appellant argues his equal protection rights were violated because the procedure used to revoke his PRCS differs from that applied to a parole revocation. Although appellant did not expressly raise an equal protection claim in his motion to dismiss the revocation petition, he did argue that his PRCS revocation should be subject to the procedures mandated by *Williams*, *supra*, 230 Cal.App.4th 636, because PRCS and parole are nearly identical systems of supervision.  The trial court considered and rejected this argument.  We will exercise our discretion to address this constitutional issue.  *(In re Spencer S.* (2009) 176 Cal.App.4th 1315, 1323.)  "[A] threshold requirement of any meritorious equal protection claim 'is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.  [Citation.]' *(In re Eric J.* [(1979)] 25 Cal.3d [522, 530].)  'This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged."  [Citation.]  *(Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253. . . .)" *(People v. Guzman* (2005) 35 Ca1.4th 577, 591-592.)  In addition, reasonable classifications drawn between similarly situated persons do not violate equal protection "provided the classifications are made with a legitimate goal to be

8

accomplished." *(People v. Mora* (2013) 214 Cal.App.4th 1477, 1483.)  Appellant has not shown that he is similarly situated to a current parolee.

First, parole is reserved for those who have committed serious or violent felonies, are high-risk sex offenders or are mentally disordered.  (§ 3451, subd. (b).)  Those who have committed non-serious, nonviolent felonies are subject to PRCS.  (§ 3450, subd. (b)(l).)  Distinguishing between these two classes of offenders does not violate equal protection because persons convicted of different crimes are not similarly situated for equal protection purposes.  *(People v. Barrera* (1993) 14 Cal.App.4th 1555, 1565.)  The Legislature could reasonably distinguish between these two groups and rationally conclude that serious or violent felons should be supervised under more formal procedures than those applied to other felons:  *(People v. Wilkinson* (2004) 33 Cal.4th 821, 838.)

*Proposition 36*

After finding that appellant's February 14, 2015 positive drug test violated the terms of his PRCS, the trial court ordered appellant to serve 60 days in county jail.  Appellant contends this order violated Proposition 36 because he was not first referred to treatment for a non-violent drug possession (NVDP) offense.  Respondent correctly concedes the issue.

Proposition 36 mandates that, as a general rule, a person who commits a NVDP offense should be referred to drug treatment rather than to jail.  (§ 1210.1; *Gardner v. Schwarzenegger* (2009) 178 Cal.App.4th 1366, 1369-1371.)  Section 3063.1, enacted as part of Proposition 36, requires drug treatment rather than incarceration for most parolees who violate their parole by committing a NVDP offense.  Parole may be revoked for a first-time NVDP offense only where the parolee poses a danger to the safety of others.  (§ 3063.1, subds. (a), (d)(1).)  Section 3455, applicable to PRCS, contains no such limitations; it authorizes revocation of PRCS and incarceration for up to 180 days for any violation of supervision conditions, including an NVDP offense.

9

Respondent concedes section 3455 may not be applied in a manner that is inconsistent with the treatment requirements of Proposition 36.  Thus, if appellant is otherwise eligible for treatment under Proposition 36, the trial court erred when it ordered him to serve 60 days in jail rather than to participate in drug treatment.  Accordingly, we will remand the matter to the trial court for a finding on that issue.  (*People v. Armogeda* (2015) 233 Cal.App.4t 428.)

DISPOSITION

The trial court's order revoking appellant's PRCS did not violate his rights to due process or equal protection.  However, the court erred when it imposed a jail term without first determining whether appellant qualifies for drug treatment under Proposition 36.  We remand the matter for a finding on that issue.  In all other respects, the order granting the petition for revocation of community supervision is affirmed.

CERTIFIED FOR PUBLICATION.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.


10

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy Public Defender, William Quest, Senior Deputy Public Defender, for Defendant and Appellant

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Chung L. Mar, Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.