Filed 4/20/16  P. v. Clark CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWARD PAUL CLARK,<br><br>    Defendant and Appellant. | 2d Crim. No. B266146<br>(Super. Ct. No. 2011022622)<br>(Ventura County) |

Edward Paul Clark appeals from a June 11, 2015 court order approving a written waiver in which appellant admitted violating Post Release Community Supervision (PRCS; Pen. Code, § 3450 et seq.) [1] and agreed to serve 120 days county jail. (§§ 3455, subd. (a); 1203.2, subd. (b)(1).)  Appellant contends that the waiver must be set aside because he was not advised of his right to counsel or provided a *Morrissey*-compliant probable cause hearing.  (*Morrissey v. Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484] (*Morrissey*))  We affirm.

*Procedural History*

In 2011, appellant was convicted by plea of corporal injury to a spouse/cohabitant (§ 273.5, subd. (a)) and granted 36 months probation.  On March 17, 2014, the trial court revoked and terminated probation, and sentenced appellant to two

---

[1] All statutory references are to the Penal Code unless otherwise stated.

years state prison. Appellant was released from prison two months later and placed on PRCS.

On May 19, 2015, appellant was arrested for violating his PRCS terms, i.e., not reporting as directed, using methamphetamine, failing to submit to drug testing, and not participating in substance abuse counseling. The Ventura County Probation Agency conducted a probable cause hearing on May 20, 2015, determined there was probable cause for the alleged violation, and advised appellant that the proposed recommendation was a 120 day county jail sanction. Appellant waived in writing his right to counsel and a formal revocation hearing, admitted violating PRCS, and agreed to serve 120 days county jail.

On May 28, 2015, the Ventura County Probation Agency filed a petition for revocation of PRCS and appellant's written waiver. On June 11, 2015, the trial court approved the written waiver and PRCS modification for 120 days county jail. (§§ 3455, subd. (a); 1203.2, subd. (b)(1).)

*Discussion*

The PRCS revocation procedures here utilized are consistent with constitutional, statutory, and decisional law. These procedures do not violate concepts of equal protection or due process of law. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393, 402.) We follow our own precedent. Appellant's contentions are without merit.

The judgment (order approving written waiver and modifying PRCS) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.

PERREN, J.

2

Jeffrey G. Bennett, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender and Michael C. McMahon, Chief Deputy, for Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.