Filed 4/20/16  P. v. Bravo CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARTURO BRAVO,<br><br>    Defendant and Appellant. | 2d Crim. No. B266498<br>(Super. Ct. No. 2008017930)<br>(Ventura County) |

Arturo Bravo appeals an order revoking his Post Release Community Supervision (PRCS; Pen. Code, § 3450 et seq.) and sentencing him to 120 days county jail.[1]  Appellant contends that his due process rights were violated because he was not arraigned within 10 days of his arrest or provided a *Morrissey*-compliant probable cause hearing (*Morrissey v. Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484] (*Morrissey*).)  We affirm.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

*Procedural History*

In 2010 appellant was sentenced to six years state prison after he was convicted by plea of transportation of a controlled substance (Health & Saf. Code, § 11352, subd. (a)) with a prior narcotics conviction enhancement (Health & Saf. Code, § 11370.2 subd. (a).)  Appellant was released from prison in late 2012 and placed on three years PRCS supervision.

On June 5, 2015, appellant was arrested for violating his PRCS terms.  The Ventura County Probation Agency conducted a probable cause hearing on June 8, 2015, determined there was probable cause for the alleged violation, and advised appellant that the recommended sanction was 180 days county jail.  Appellant rejected the recommendation and requested counsel.

On June 11, 2015, the Ventura County Probation Agency filed a petition to revoke PRCS.  (§ 3455, subd. (a).)  Appellant filed a *Williams* motion to dismiss the petition (*Williams v. Superior Cour*t (2014) 230 Cal.App.4th 636) on the ground that he was not arraigned or provided a *Morrissey*-compliant probable cause hearing.  The trial court denied the motion.  On July 6, 2015, the court found appellant in violation of PRCS and ordered appellant to serve 120 days county jail with 64 days credit.

*Discussion*

The PRCS revocation procedures here utilized are consistent with constitutional, statutory, and decisional law.  These procedures do not violate concepts of equal protection or due process of law.  We so held in *People v. Gutierrez* (2016), 245 Cal.App.4th 393, 402.)  We follow our own precedent.  Appellant's contentions are without merit.

2

The judgment (order revoking PRCS) is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

3

Donald Coleman, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender and Michael C. McMahon, Chief Deputy, William Quest, Senior Deputy, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.