Filed 5/10/16  P. v. Kinkead CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL KINKEAD,<br><br>    Defendant and Appellant. | 2d Crim. No. B266588<br>(Super. Ct. No. 2012023502)<br>(Ventura County) |

Michael Kinkead appeals the trial court's order revoking his postrelease community supervision (PRCS) and sentencing him to 180 days in county jail.  Appellant contends that the process employed to revoke his PRCS violated his constitutional right to due process.  We affirm.

PROCEDURAL BACKGROUND

In August 2012, appellant pled guilty to one count of resisting an executive officer (Pen. Code, § 69),[1] and admitted a prior strike conviction allegation (§§ 667, subds. (c)(1) & (e)(1), 1170.12, subds. (a)(1) & (c)(1)).  He was sentenced to two years eight months in state prison and was subsequently released on PRCS.

Appellant was arrested on June 4, 2015, for being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)) and for possessing drug

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

paraphernalia (Health & Saf. Code, § 11364). This was his fourth PRCS violation since his release from state prison.

The next day, the Ventura County Probation Agency (Probation Agency) held an administrative probable cause hearing. Senior Deputy Probation Officer Venessa Meza acted as the hearing officer. Appellant denied the allegations against him. Meza, a probation officer not otherwise connected to appellant's arrest, determined that there was probable cause to revoke appellant's PRCS. She suggested a disposition that he serve 150 days in custody with credit for 29 days served.

Appellant invoked his right to a judicial revocation hearing and requested counsel. On June 12, 2015, the Probation Agency filed a petition to revoke appellant's PRCS. A hearing on the petition was held before Judge Donald D. Coleman on July 2, 2015. Citing *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*), appellant's attorney moved to dismiss the petition on the ground that the PRCS revocation process violated appellant's due process rights because he did not receive an arraignment date within 10 days of his arrest and did not receive a probable cause hearing within 15 days of his arrest. The trial court denied the motion, finding that parole revocation and PRCS revocation processes are different, and that due process protections are safeguarded in the PRCS revocation process by compliance with sections 1203.2 and 3455. It further found that the Probation Agency had conducted a probable cause hearing consistent with *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*) standards. Appellant submitted without presenting any evidence or argument. The court found appellant in violation of PRCS and ordered him to serve 180 days in county jail (with total credit of 58 days).

DISCUSSION

*PRCS Act*

PRCS was created as an alternative to parole for nonserious and nonviolent felons. (§ 3450 et seq.) PRCS and traditional parole are similar yet not identical. A person who qualifies for PRCS may be supervised for up to three years following his or her release from prison. (§ 3451, subd. (a).) Supervision is conducted by a county

2

agency, such as the Probation Agency, rather than the Department of Corrections and Rehabilitation. (*Ibid.*; *People v. Gutierrez* (2016) 245 Cal.App.4th 393, 399 (*Gutierrez*).) Individuals who violate the conditions of PRCS may be subject to sanctions including, flash incarceration in a city or county jail, but may not be returned to state prison. (§§ 3454, subd. (b), 3458; *Gutierrez*, at p. 399.)

Suspected violations of PRCS are treated differently than suspected violations of traditional parole. A traditional parolee alleged to have violated the terms of his or her release is arrested and brought "before the court" (§ 1203.2, subd. (a)), while a person subject to PRCS is arrested and brought "before the supervising county agency" (§ 3455, subd. (b)(1)). If the supervising agency determines that intermediate sanctions are inappropriate, it "shall petition the court pursuant to [s]ection 1203.2 to revoke, modify, or terminate" PRCS. (§ 3455, subd. (a).) The petition must include a report from the supervising agency that explains "the relevant terms and conditions of [PRCS], the circumstances of the alleged underlying violation, the history and background of the violator, and any recommendations." (*Ibid.*; Cal. Rules of Court, rule 4.541(c); *Gutierrez*, *supra*, 245 Cal.App.4th at p. 400.)

A person charged with violating PRCS is entitled to notice of a petition for revocation. (§ 1203.2, subd. (b)(1).) The person may waive a formal hearing and agree to modifications of his or her PRCS conditions. Absent a waiver, the court holds a formal hearing at which the supervised person is entitled to be represented by counsel. (§ 1203.2, subd. (b)(2).) The hearing "shall be held within a reasonable time after the filing of the revocation petition." (§ 3455, subd. (c); *Gutierrez*, *supra*, 245 Cal.App.4th at p. 400.) In conducting the hearing, the court must review and consider the probation officer's report to determine whether the alleged violations occurred and if so, whether to revoke or terminate PRCS. (§ 1203.2, subd. (b)(1); *Gutierrez*, at p. 400.)

*Due Process*

Relying primarily on *Williams*, *supra*, 230 Cal.App.4th 636, appellant contends the trial court erred in denying his motion to dismiss the petition to revoke his PRCS because the Probation Agency violated his right to due process by failing to

3

arraign him within 10 days of his arrest and to provide a probable cause hearing within 15 days of his arrest. He further contends his due process rights were violated because he did not receive access to counsel during the probable cause hearing, he did not receive a judicial determination of probable cause, the probation officer prematurely tried to obtain a waiver of his rights to a revocation hearing and to counsel, and the probation officer was not a neutral uninvolved entity qualified to provide a fair probable cause finding. We reject each of these contentions.

*Morrissey* sets forth the basic due process protections for parole revocation proceedings. (*Morrissey*, *supra*, 408 U.S. at p. 481.) The minimum requirements include "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." (*Id*. at p. 489.)

*People v. Vickers* (1972) 8 Cal.3d 451 (*Vickers*) extended *Morrissey* due process protections to probation revocations, but "held that probation revocation proceedings need not be identical to parole revocation procedures, so long as equivalent safeguards are in place to assure that a probationer is not arbitrarily deprived of his or her liberty for a significant period of time." (*Gutierrez*, *supra*, 245 Cal.App.4th at p. 401, citing *Vickers*, at p. 458.) "Once taken into custody . . . due process requires that [the probationer] be accorded both preliminary and formal hearings which conform to *Morrissey* standards." (*Vickers*, at p. 460.) The probationer is also entitled to legal representation "by retained or appointed counsel at all revocation proceedings other than at summary proceedings had while the probationer remains at liberty after absconding." (*Id*. at p. 461.)

In *Gutierrez*, the appellant was arrested for a PRCS violation and, as in this case, given an informal probable cause hearing before a probation officer. (*Gutierrez*,

4

*supra*, 245 Cal.App.4th at p. 398.) We rejected his argument that he was deprived of due process because he was not promptly arraigned or given a probable cause hearing before a neutral decision maker. We concluded that "*Morrissey* requires only an informal hearing to determine whether reasonable grounds exist for the revocation of PRCS, conducted by 'someone not directly involved in the case.' [Citation.]" (*Gutierrez*, at p. 402; see *People v. Coleman* (1975) 13 Cal.3d 867, 894-895.) Those standards were satisfied because there was no evidence that the probation officer who conducted the appellant's probable cause hearing was involved in his arrest. (*Gutierrez*, at p. 402.)

We further determined that *Williams*, *supra*, 230 Cal.App.4th 636, "is distinguishable because it involved the revocation of parole, not PRCS." (*Gutierrez*, *supra*, 245 Cal.App.4th at p. 402.) "The *Williams* court was concerned that a parolee not be held in custody indefinitely before that initial court hearing. It imposed the 10-day arraignment requirement to insure that parolees would be held in custody for no longer than the statutory flash incarceration period [citation], without appearing in court. [Citation.]"[2] (*Id*. at p. 403.) We did not address whether this requirement applies in PRCS revocation proceedings because the "appellant fail[ed] to demonstrate he was prejudiced by the fact he did not appear in court within 10 days of arrest." (*Ibid*.; see *In re La Croix* (1974) 12 Cal.3d 146, 154.)

As in *Gutierrez*, we conclude appellant's PRCS was revoked in accordance with statutory requirements. Appellant had an informal probable cause hearing the day after he was arrested. The record indicates that he was present and that the hearing took place before an officer other than the probation officer who arrested him or who directly supervised him. The hearing officer recounted the evidence upon which the finding of probable cause was based, and another probation officer recommended revocation of appellant's PRCS. This comported with due process. (See *Morrissey*, *supra*, 408 U.S. at

---

[2] We note that another court has rejected the conclusion in *Williams* that due process requires a probable cause hearing of a parole revocation charge within 15 days of arrest, and that our Supreme Court has granted review. (*People v. DeLeon* (2015) 241 Cal.App.4th 1059, 1071-1072 (review granted Feb. 3, 2016, S230906).)

p. 486 ["It will be sufficient . . . in the parole revocation context, if an evaluation of whether reasonable cause exists to believe that conditions of parole have been violated is made by someone such as a parole officer other than the one who has made the report of parole violations or has recommended revocation"].)  Appellant has not demonstrated that he had a right to counsel during the informal probable cause hearing, and his argument that the hearing officer prematurely tried to obtain a waiver of his rights to a revocation hearing and to counsel is immaterial given that appellant did not waive those rights.

*Prejudice*

Even if appellant could establish error, his claim would fail.  "[A] parolee whose parole has been revoked after a properly conducted revocation hearing is not entitled to have the revocation set aside unless it appears that the failure to accord him a prerevocation hearing resulted in prejudice to him at the revocation hearing."  (*In re La Croix*, *supra*, 12 Cal.3d at p. 154.)  Appellant makes no such showing.  He was provided a timely revocation hearing with all the required procedural protections.  He was represented by counsel and given the opportunity to challenge the allegations set forth in the revocation petition.  When the matter was called for hearing, however, appellant submitted without presenting any evidence or argument.  Moreover, the evidence of a violation of his PRCS was overwhelming.  He was arrested for being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)) and for possession of drug paraphernalia (Health & Saf. Code, § 11364).  Any error arising from deficiencies in the prerevocation proceedings was thus harmless beyond a reasonable doubt.  (*In re La Croix*, at p. 155.)  And because appellant already has served the custodial sanction (180 days in county jail), "there is nothing for us to remedy, even if we were disposed to do so."  (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)

6

DISPOSITION

The judgment (order granting petition to revoke PRCS) is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.


7

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Connie H. Kan, Deputy Attorney General, for Plaintiff and Respondent.