Filed 5/10/16  P. v. O'Keefe CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY O'KEEFE,<br><br>    Defendant and Appellant. | 2d Crim. No. B263229<br>(Super. Ct. No. 2009038931)<br>(Ventura County) |

Jeffrey O'Keefe appeals the trial court's order revoking his postrelease community supervision (PRCS) and sentencing him to 150 days in county jail.  (Pen. Code, § 3450 et seq.)[1]  Appellant contends that the process employed to revoke his PRCS violated his constitutional rights to due process and equal protection.  We affirm.

FACTS AND PROCEDURAL HISTORY

In February 2013, appellant was convicted of unlawfully taking a vehicle (Veh. Code, § 10851, subd. (a)) and driving under the influence (Veh. Code, § 23152, subd. (b)).  He was sentenced to two years in state prison with credit for time served and was released on PRCS.

On January 15, 2015, appellant was arrested for violating the terms of his PRCS.  The next day an administrative probable cause hearing was conducted by the

---

[1] All statutory references are to the Penal Code unless otherwise stated.

Ventura County Probation Agency (the Probation Agency). Senior Deputy Probation Officer Venessa Meza acted as the hearing officer. Appellant was advised that he had "the right to present letters and documents and to speak on [his] own behalf at th[e] hearing." He also acknowledged receiving written notice of the alleged violations of his PRCS.

At the conclusion of the hearing, Meza found probable cause to believe that appellant had violated the terms of his PRCS by failing to follow all laws and refrain from drinking alcohol. The finding was based on evidence that appellant had been arrested for being drunk in public (§ 647, subd. (f)) after he was found lying on the sidewalk by a restaurant in Thousand Oaks. Appellant "smelled of alcohol and exhibited signs of being under the influence of alcohol" and "[a]n empty can of 'Steel Reserve' was found on the ground next to [him]." The day before his arrest, he "was found unconscious and intoxicated" at the entrance to the Telecare office with a bottle of alcohol next to him. He was transported by ambulance to the hospital. Later that day, he returned to the Telecare office while still intoxicated and "became verbally aggressive and caused the elevator to become nonoperable . . . ."

Appellant invoked his right to a revocation hearing and requested counsel. On January 23, 2015, the Probation Agency filed a petition to revoke appellant's PRCS. The revocation hearing was initially set for February 5, 2015. In conjunction with that hearing, appellant moved to dismiss the petition on the ground "that the [PRCS] revocation process violates his procedural due process rights by not providing for an arraignment date 10 days from his arrest, and a probable cause hearing 15 days from his arrest." In a detailed ruling, the court rejected appellant's due process claim and accordingly denied his motion to dismiss.

The revocation hearing was continued to February 27, 2015, at defense counsel's request. When the matter was called for hearing, appellant submitted without presenting any evidence or argument. The court found the allegations of the revocation petition to be true and sustained the petition. Appellant was ordered to serve 150 days in

2

county jail and was awarded 88 days of presentence custody credit. He was also ordered to report to his probation officer within 24 hours of his release, when he would be returned to PRCS with the same terms and conditions.

## DISCUSSION

Appellant contends the court erred in denying his motion to dismiss the petition to revoke his PRCS because the Probation Agency violated his rights to due process and equal protection by failing to arraign him within 10 days of his arrest and provide a probable cause hearing within 15 days of his arrest. Appellant's equal protection claim was not raised below and is thus forfeited. (*People v. Alexander* (2010) 49 Cal.4th 846, 880, fn. 14.) Moreover, the PRCS revocation procedures utilized here are consistent with constitutional, decisional, and statutory law. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393, 400-404, and *People v. Byron* (April 22, 2016, B262956) ___ Cal.App.4th ___ [2016 WL 1613589, 2-5]. We follow our own precedent. Appellant's contentions are without merit.

## DISPOSITION

The judgment (order revoking PRCS) is affirmed.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

3

Brian J. Back, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy Public Defender, and Ashley Jones, Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, and Idan Ivri, Deputy Attorney General, for Plaintiff and Respondent.