Filed 5/16/16  P. v. Headworth CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC HEADWORTH,<br><br>    Defendant and Appellant. | 2d Crim. No. B266981<br>(Super. Ct. No. MA057886)<br>(Ventura County) |

Eric Headworth appeals the trial court's order revoking his postrelease community supervision (PRCS) and ordering him to serve 140 days in county jail. Appellant contends that the procedure employed to revoke his PRCS violates his due process rights.  We affirm.

FACTS AND PROCEDURAL HISTORY

In November 2012, appellant was convicted of corporal injury to a spouse or cohabitant (Pen. Code, § 273.5, subd. (a)[1]) and was sentenced to two years in state prison. In November 2013, he was released on PRCS.

On June 11, 2015, appellant was arrested for violating the terms of his PRCS for the fourth time.  The next day, the Ventura County Probation Agency (the Probation Agency) held an administrate probable cause hearing.  Senior Deputy Probation Officer Venessa Meza presided over the hearing.  Meza advised appellant of the allegations against

---

[1] All statutory references are to the Penal Code unless otherwise stated.

him and informed him of his right to counsel. Appellant declined to make a statement or waive his right to a formal revocation hearing. Meza found there was probable cause to revoke appellant's PRCS and recommended he be ordered to serve 180 days in county jail with credit for 15 days actual time served. Appellant declined to accept the proposed recommendation.

A petition for revocation was filed on June 17, 2015. A hearing on the revocation petition was set for June 25, 2015. At the June 25 hearing, appellant appeared with counsel and denied the allegations of the revocation petition. The court revoked his PRCS and continued the matter for formal revocation hearing on July 20, 2015. At the July 20 hearing, appellant moved to dismiss the petition on due process grounds. The court denied the motion and proceeded with the revocation hearing. Appellant submitted without offering any evidence or argument. At the conclusion of the hearing, the court found appellant in violation of his PRCS and ordered him to serve 140 days in county jail with 78 days of custody credit.

DISCUSSION

Appellant contends that his PRCS was revoked in violation of his due process rights. He asserts that Meza was not a "neutral uninvolved entity qualified to prove a fair probable cause finding" and prematurely asked him if he wanted to waive his rights to counsel and a revocation hearing. He also asserts that counsel should have been appointed to represent him at the probable cause hearing and that he was entitled to have an arraignment within 10 days of his arrest and a probable cause hearing before the court within 15 days of arrest, as provided in *Williams v. Superior Court* (2014) 230 Cal.App.4th 636. Appellant claims that these errors compel us to reverse the revocation of his PRCS and remand for further proceedings that comply with due process.

Even if appellant could establish the errors of which he complains, he would not be entitled to the relief he seeks. Over 40 years ago, our Supreme Court held that "a parolee whose parole has been revoked after a properly conducted revocation hearing is not entitled to have the revocation set aside unless it appears that the failure to accord him a

2

prerevocation hearing resulted in prejudice to him at the revocation hearing." (*In re La Croix* (1974) 12 Cal.3d 146, 15.) We recently recognized that this holding also applies to individuals appealing the revocation of their PRCS. (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 2016.)

Here, there is no dispute that appellant's revocation hearing was properly conducted. In attempting to demonstrate that appellant was prejudiced by the alleged errors in the prerevocation proceedings, he merely offers that "[i]f [he] had had access to the court as required [in] *Williams* [*v. Superior Court, supra.* 230 Cal.App.4th], he may well have convinced the court, through his counsel, that a less punitive approach to revocation and custody time was appropriate." This mere speculation does not establish prejudice. In any event, appellant appeared in court with his attorney 14 days after his arrest. On that date, the court presumably made a probable cause determination and revoked parole. Moreover, appellant's formal revocation hearing took place 39 days after his arrest. This comports with due process. (See *Morrissey v. Brewer* (1972) 408 U.S. 471, 488 [revocation hearing conducted within two months of arrest "would not appear to be unreasonable" for due process purposes].) Because appellant fails to make a showing of prejudice, any violation of due process he may have suffered during the prerevocation proceedings was harmless beyond a reasonable doubt. (*In re La Croix*, *supra*, 12 Cal.3d at p. 155; *People v. Gutierrez*, *supra*, 245 Cal.App.4th at p. 403.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

3

Donald D. Coleman, Judge

Superior Court County of Ventura

_____


Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Connie H. Kan, Deputy Attorney General, for Plaintiff and Respondent.