Filed 5/17/16  P. v. Curry CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERT JOSEPH CURRY III,<br><br>    Defendant and Appellant. | 2d Crim. No. B266589<br>(Super. Ct. No. 2012036853)<br>(Ventura County) |

Robert Joseph Curry III appeals from an order revoking his postrelease community supervision (PRCS) and confining him in the county jail for 130 days. Appellant contends that the revocation proceedings violated his due process rights because he was not provided a probable cause hearing that complied with *Morrissey v. Brewer* (1972) 408 U.S. 471 [92 S.Ct. 2593, 33 L.Ed.2d 484] (*Morrissey*).  We affirm.

*Procedural Background*

In October 2012 appellant pleaded guilty to carrying a concealed dirk or dagger.  (Pen. Code, § 21310.)[1]  He admitted two prior prison term enhancements. (§ 667.5, subd. (b).)  The trial court struck the enhancements and sentenced him to prison for one year, four months.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

In June 2013 appellant was released from prison to PRCS for a period not exceeding three years. His supervising county agency was the Ventura County Probation Agency (Probation Agency).

On January 31, 2015, appellant was arrested for being drunk in a public place in violation of section 647, subdivision (f). At an administrative hearing conducted on February 2, 2015, Senior Deputy Probation Officer Meza found that probable cause existed to believe that appellant had violated PRCS. In an "Administrative Probable Cause Hearing" form, Meza listed numerous violations of PRCS. Appellant admitted the violations and agreed to serve 120 days in county jail, after which he would be returned to PRCS. Appellant signed an "Advisement of Rights and Acknowledgement" form in which he acknowledged that he had been informed of and understood specified rights.

On June 16, 2015, appellant was again arrested for being drunk in a public place. (§ 647, subd. (f).) At an administrative hearing conducted on June 17, 2015, Meza found that probable cause existed to believe that appellant had violated PRCS. But unlike the hearing previously conducted on February 2, 2015, the record does not include an "Administrative Probable Cause Hearing" form completed by Meza. Nor does it include an "Advisement of Rights and Acknowledgement" form signed by appellant.

On June 19, 2015, the Probation Agency filed a petition for the revocation of PRCS. A hearing on the petition was set for July 2, 2015, 16 days after appellant's arrest.

On July 2, 2015, appellant's counsel filed a request to dismiss the petition. Counsel contended that his client's due process rights had been violated because (1) he had not been arraigned within 10 days of his arrest; and (2) within 15 days of his arrest, he had not been provided a probable cause hearing that complied with *Morrissey*, *supra*, 408 U.S. 471.

The trial court denied the motion. Appellant submitted the matter on the allegations in the petition for revocation of PRCS. The court found the allegations true and concluded that appellant had violated the terms of PRCS. It ordered him to serve 130

days in county jail and gave him credit for 34 days. The court further ordered that he be returned to PRCS upon his release from jail.

The PRCS revocation procedures here are consistent with constitutional, statutory, and decisional law. These procedures do not violate concepts of equal protection or due process of law. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393 (petition for review filed April 11, 2016, S233681). We follow our own precedent. Appellant's contentions are without merit.

*Appellant Has Failed to Show that He Was Prejudiced*

*By the Alleged Noncompliance with Morrissey*

In any event, appellant is not entitled to relief because he has failed to show that he was prejudiced by the alleged noncompliance with *Morrissey*. "[I]n the absence of evidence that the [Parole] Authority is not making a good faith effort to comply with the mandates of *Morrissey*, a parolee whose parole has been revoked after a properly conducted revocation hearing is not entitled to have the revocation set aside unless it appears that the failure to accord him a prerevocation hearing resulted in prejudice to him at the revocation hearing." (*In re La Croix* (1974) 12 Cal.3d 146, 154; see also *People v. Woodall*, *supra*, 216 Cal.App.4th at p. 1238 ["defendant's claim of error fails because he has not shown prejudice arising from the nature of the initial revocation proceeding"].) Appellant does not contend that the PRCS revocation hearing was improperly conducted, and there is no evidence that the Probation Agency was not making a good faith effort to comply with *Morrissey*.

*Disposition*

The order revoking PRCS and confining appellant in the county jail for 130 days is affirmed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


PERREN, J.


TANGEMAN, J.

Donald Coleman, Judge

Superior Court County of Ventura

_____

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.