Filed 5/19/16  P. v. Paez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEPHANIE LYNN PAEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B268151<br>(Super. Ct. No. SCR587927)<br>(Ventura County) |

Stephanie Lynn Paez appeals an order revoking her Post Release Community Supervision (PRCS; Pen. Code, § 3450 et seq.)[1], entered after appellant admitted violating PRCS and agreed to serve 60 days county jail.  Appellant contends that her due process rights were violated because she was not arraigned within 10 days of her arrest or provided a *Morrissey*-compliant probable cause hearing (*Morrissey v. Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484] (*Morrissey*)), and admitted the PRCS violation in writing without the benefit of counsel.  We affirm.

*Facts and Procedural History*

In 2010, appellant pled guilty to possession of a controlled substance in a jail facility (§ 4573.6) and was sentenced to three years state prison.  Appellant was released in 2012 and placed on PRCS supervision with drug terms.  After multiple arrests for probation violations, appellant was arrested on August 21, 2015 for being under the

---

[1] All statutory references are to the Penal Code unless otherwise stated.

influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)), giving false identification to a peace officer (§ 148.9, subd. (a)), and false impersonation (§ 529, subd. (a)(3)).  Appellant had 16.1 grams of marijuana on her person, admitted smoking "meth with some weed," and tested positive for methamphetamine, THC, MDMA, and opiates.

At the August 24, 2015 probable cause hearing, an administrative hearing officer determined there was probable cause that appellant had violated her PRCS terms and advised appellant that the Ventura County Probation Agency was recommending 60 days county jail.  (§ 3455, subd. (a).)  Appellant was informed of her right to a formal revocation hearing, her right to counsel, her right to testify and present evidence, and her right to call/confront/cross-examine witnesses.  (*Ibid.*)  Waiving each of those rights, appellant admitted the PRCS violation and agreed to serve 60 days county jail.[2]

On August 28, 2015, Ventura County Probation Agency filed a petition to revoke PRCS and requested that the superior court approve the PRCS modification. (§ 3455.)  Appellant appeared with counsel and moved to vacate the waiver because it was signed without the benefit of counsel.  The court denied the motion, approved the written waivers and PRCS modification, and ordered appellant to serve 60 days county jail with 21 days actual credit.

## Discussion

Appellant argues that her procedural due process rights were violated because she was not arraigned within 10 days of her arrest and did not receive a *Morrissey*-compliant probable cause hearing.  The PRCS revocation procedures here are consistent with constitutional, statutory, and decisional law.  These procedures do not violate concepts of equal protection or due process of law.  We so held in *People v.*

---

[2] Appellant was not a novice to PRCS revocations.  Before the August 2015 arrest, appellant had served three flash incarcerations and four PRCS revocations for failure to obey all laws, failure to report to probation, drug use, failure to submit to drug testing, failure to attend treatment/counseling, and changing residences without notifying probation.

2

*Gutierrez* (2016) 245 Cal.App.4th 393 (petition for review filed April 11, 2016, S233681).   We follow our own precedent.

Appellant contends that her due process rights were violated because the waiver was signed without the benefit of counsel and the probable cause hearing officer was not a "neutral uninvolved entity."  The record reflects that the hearing officer was not appellant's supervising probation officer or the one who reported the PRCS violation or recommended the PRCS revocation.  Appellant was afforded a neutral hearing officer. (See *Morrissey, supra,* 408 U.S. at p. 486 [33 L.Ed.2d at p. 497]; *Williams*, *supra,* 230 Cal.App.4th at p. 647 [probable cause finding must be by someone not directly involved in the case].)  Nor is there a due process right to counsel at a probable cause hearing where, as here, the defendant elects to admit the PRCS violation and waives his or her rights in writing.  (§ 3455, subd. (a); *Morrissey v. Brewer* (1972) 408 U.S. at p. 489 [33 L.Ed.2d at p. 499]; *People v. Vickers* (1972) 8 Cal.3d 451, 461.)  The denial of a *Morrissey* compliant probable cause hearing does not warrant reversal unless the violation results in prejudice at the revocation hearing.  (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.)  Appellant makes no showing that any due process defect in the probable cause hearing prejudiced her or affected the outcome of the PRCS revocation hearing. (*In re Moore* (1975) 45 Cal.App.3d 285, 294.)

Appellant's assertion that she should have been afforded a court finding on the need for continued custody is without merit.  Section 3455, subdivision (c) provides in pertinent part that "the supervising county agency shall have the authority to make a determination whether the person should remain in custody pending the first court appearance on a petition to revoke postrelease community supervision, and upon that determination, may order the person confined pending his or her first court appearance."

3

*Disposition*

The judgment (order revoking PRCS) is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J**.**

4

Gilbert Romero, Judge

Superior Court County of Ventura

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.