Filed 6/15/16  P. v. Landeros CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERICA LANDEROS,<br><br>    Defendant and Appellant. | 2d Crim. No. B265744<br>(Super. Ct. No. 2013012520)<br>(Ventura County) |

Erica Landeros appeals an order revoking her Post Release Community Supervision (PRCS; Pen. Code, § 3450 et seq.)[1] after appellant admitted violating PRCS and accepted a 90-day custodial sanction.  (§ 3455, subd. (a).)  Appellant contends that her due process rights were violated because she was not provided a *Morrissey*-compliant probable cause hearing (*Morrissey v. Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484] (*Morrissey*).  We affirm.

*Facts and Procedural History*

In 2013, appellant was convicted by plea of unlawful possession of ammunition (§30305, subd. (a)(1)) and granted three years probation with 210 days jail. The trial court terminated probation and sentenced appellant to 16 months state prison on February 6, 2015.  Because appellant's presentence custody credits exceeded the prison sentence, she was released on PRCS.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

On April 20, 2015, appellant sustained a 10-day flash incarceration for absconding from probation and failing to attend substance abuse treatment. Appellant was released on April 26, 2015, and a week later, arrested for violating a protective order. On May 4, 2015, Senior Deputy Probation Officer V. Meza advised appellant of the alleged PRCS violations (violating a protective order, not obtaining a residence approved by a probation officer, not participating in substance abuse treatment), conducted a probable cause hearing, and determined there was probable cause that appellant had violated her PRCS terms. (§ 3455, subd. (a).) Appellant was advised of her right to counsel and right to a formal revocation hearing, and that Ventura County Probation Agency recommended 90 days county jail. Appellant admitted violating PRCS, signed written waivers, and agreed to serve 90 days county jail.

On May 8, 2015, Ventura County Probation Agency filed a PRCS revocation petition. (§ 3455, subd. (a).) Appellant appeared with counsel and made a *Williams* motion (*Williams v. Superior Court* (2014) 230 Cal.App.4th 636) to dismiss the petition on due process grounds. Denying the motion, the trial court approved the written waivers and ordered appellant to serve 90 days county jail with 54 days credit.

*Discussion*

Appellant argues that her procedural due process rights were violated because she did not receive a *Morrissey*-compliant probable cause hearing. The PRCS revocation procedures here challenged are consistent with constitutional, statutory, and decisional law. These procedures do not violate concepts of equal protection or due process of law. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393. We follow our own precedent. The trial court did not err in denying the motion to dismiss.

Appellant contends that the probable cause hearing was a pro forma ex parte interview and was not conducted by a neutral hearing officer. The argument is without merit. The record reflects that the hearing officer (Meza) was not appellant's supervising probation officer or the one who reported the PRCS violation or recommended revocation. Appellant was afforded a neutral hearing officer. (See

2

*Morrissey, supra,* 408 U.S. at p. 486 [33 L.Ed.2d at p. 497]; *Williams*, *supra,* 230 Cal.App.4th at p. 647 [probable cause finding must be by someone not directly involved in the case].)

The denial of a *Morrissey* compliant probable cause hearing does not warrant reversal unless the violation results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.) Appellant makes no showing that any due process defect in the probable cause hearing prejudiced her or affected the outcome of the PRCS revocation hearing. (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.) Appellant admitted the PRCS violations, signed written waivers, and has already served the custodial sanction (90 days county jail). (See e.g., *People v. Gutierrez, supra*, 245 Cal.App.4th at p. 399 [defendant submitted on PRCS revocation petition without contesting the probable cause determination].) "[T]here is nothing for us to remedy, even if we were disposed to do so." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18 [140 L.Ed.2d 43, 56].)

*Disposition*

The judgment (order revoking PRCS) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


TANGEMAN, J.

3

Donald Coleman, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb, Supervising Deputy Attorney General, Nathan Guttman, Deputy Attorney General, for Plaintiff and Respondent.