Filed 5/24/16  P. v. Gonzales CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANNY GONZALES,<br><br>    Defendant and Appellant. | 2d Crim. No. B265407<br>(Super. Ct. No. 2012037929)<br>(Ventura County) |

Danny Gonzales appeals an order revoking his Post Release Community Supervision (PRCS).  (Pen. Code, § 3450 et seq.[1])  Appellant contends that his due process rights were violated because he was not provided a *Morrissey*-compliant[2] probable cause hearing.  We affirm.

### FACTS AND PROCEDURAL HISTORY

In 2012, appellant pled guilty in case No. 2012037929 to one misdemeanor count of active participation in a criminal street gang (§ 186.22, subd. (a)) and one felony count of reckless evasion of a peace officer (Veh. Code, § 2800.2, subd. (a)), and admitted one prior serious felony conviction (§ 667, subds. (b)-(i)) and one prior prison term (§ 667.5, subd. (b)).  The trial court dismissed the serious felony conviction allegation and

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*).

sentenced appellant to a total of two years four months in state prison.[3]  He was released on PRCS in 2013.

On May 11, 2015, appellant was arrested for possession of methamphetamine and paraphernalia (Health & Saf. Code, §§ 11364, subd. (a), 11377, subd. (a)) and for resisting a peace officer (§ 148, subd. (a)(1)).  On May 13, 2015, Senior Deputy Probation Officer Venessa Meza advised appellant of the allegations that he violated his PRCS terms and conditions by committing the foregoing crimes and by failing to report to probation within 48 hours of his most recent release from custody.  Meza conducted a probable cause hearing, and determined there was probable cause that appellant had violated his PRCS terms.  (§ 3455, subd. (a).)  Appellant was advised of his right to counsel and right to a formal revocation hearing, and that Ventura County Probation Agency was recommending 180 days in county jail.  Appellant rejected the recommendation, denied violating his PRCS and requested appointment of counsel.

On May 19, 2015, Ventura County Probation Agency filed a PRCS revocation petition.  (§ 3455, subd. (a).)  Appellant moved to dismiss the petition on due process grounds based on *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*).  The trial court denied the motion on June 11, 2015.  It found that appellant violated PRCS and ordered him to serve 180 days in county jail (with a total credit of 180 days).

DISCUSSION

Appellant argues that his procedural due process rights were violated because he did not receive a *Morrissey*-compliant probable cause hearing.  The PRCS revocation procedures challenged here are consistent with constitutional, statutory and decisional law.  These procedures do not violate concepts of equal protection or due process.  We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393, 401-405, and *People v. Byron* (Apr. 22, 2016) __ Cal.App.4th __ [2016 Cal.App.LEXIS 314].  We follow our own precedent.  The trial court did not err in denying the motion to dismiss.

---

[3] In another case (No. 2011032935), appellant was sentenced to one year four months in prison for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)).  The sentence was ordered to run concurrent to the sentence in case No. 2012037929.

2

Appellant contends his due process rights were violated because the probable cause hearing was not conducted by a neutral hearing officer and resembled an ex parte hearing to solicit a waiver of his PRCS rights. The argument is without merit. The hearing officer (Meza) was not appellant's supervising probation officer and did not make the arrest or prepare the PRCS revocation report. (See *Morrissey, supra,* 408 U.S. at p. 485 [probable cause determination should be made by someone "not directly involved in the case"]; *Williams, supra,* 230 Cal.App.4th at p. 647 [same].) Appellant makes no showing that he was denied a fair hearing.

Moreover, the denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155; *People v. Woodall* (2013) 216 Cal.App.4th 1221, 1238.) Appellant fails to show that any due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.) Appellant submitted on the PRCS revocation petition without contesting the probable cause determination, and has already served the custodial sanction (180 days in county jail). (See, e.g., *People v. Gutierrez, supra*, 245 Cal.App.4th at p. 399.) "[T]here is nothing for us to remedy, even if we were disposed to do so." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)

DISPOSITION

The judgment (order revoking PRCS) is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

3

Jeffrey G. Bennett, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb, Supervising Deputy Attorney General, and Nathan Guttman, Deputy Attorney General, for Plaintiff and Respondent.