Filed 5/31/16  P. v. Valenzuela CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD A. VALENZUELA,<br><br>    Defendant and Appellant. | 2d Crim. No. B268079<br>(Super. Ct. No. 2010025906)<br>(Ventura County) |

Richard A. Valenzuela appeals an order revoking his postrelease community supervision (PRCS) (Pen. Code, § 3450 et seq.)[1] after he admitted violating PRCS and accepted a 90-day custodial sanction (§ 3455, subd. (a)).  Appellant contends that his due process rights were violated because he was not provided a *Morrissey*-compliant[2] probable cause hearing.  We affirm.

FACTS AND PROCEDURAL HISTORY

In 2010, appellant pled guilty to possession of a firearm by a felon (§ 12021, subd. (a)(1)) and possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)).  Appellant was sentenced to state prison for two years eight months. He was released on PRCS in 2012.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*).

After multiple arrests for violations of his terms and conditions of PRCS, appellant was arrested on a warrant on August 26, 2015. On August 28, 2015, Senior Deputy Probation Officer Venessa Meza advised appellant of the alleged PRCS violations (failure to report to probation, failure to submit to drug testing and failure to report his whereabouts), conducted a probable cause hearing, and determined there was probable cause that appellant had violated his PRCS terms. (§ 3455, subd. (a).) Appellant was advised of his right to counsel and right to a formal revocation hearing, and that Ventura County Probation Agency was recommending 90 days in county jail. Appellant admitted violating PRCS, signed written waivers, and agreed to serve 90 days in county jail.

On September 3, 2015, Ventura County Probation Agency filed a PRCS revocation petition. (§ 3455, subd. (a).) Appellant appeared with counsel and moved to dismiss the petition on due process grounds based on *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*). Denying the motion, the trial court approved the written waivers and ordered appellant to serve 90 days in county jail with 16 days credit.

DISCUSSION

Appellant argues that his procedural due process rights were violated because he did not receive a *Morrissey*-compliant probable cause hearing. The PRCS revocation procedures challenged here are consistent with constitutional, statutory and decisional law. These procedures do not violate concepts of equal protection or due process. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393, 401-405, and *People v. Byron* (Apr. 22, 2016) 246 Cal.App.4th 1009. We follow our own precedent. The trial court did not err in denying the motion to dismiss.

Appellant contends his due process rights were violated because the probable cause hearing was not conducted by a neutral hearing officer and resembled an ex parte hearing to solicit a waiver of PRCS rights. The argument is without merit. The hearing officer (Meza) was not appellant's supervising probation officer and did not make the arrest or prepare the PRCS revocation report. (See *Morrissey, supra,* 408 U.S. at p. 485 [probable cause determination should be made by someone "not directly involved

in the case"]; *Williams, supra,* 230 Cal.App.4th at p. 647 [same].)  Appellant makes no showing that he was denied a fair hearing.

Moreover, the denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing.  (*In re La Croix* (1974) 12 Cal.3d 146, 154-155; *People v. Woodall* (2013) 216 Cal.App.4th 1221, 1238.)  Appellant fails to show that any due process defect prejudiced him or affected the outcome of the PRCS revocation hearing.  (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.)  Appellant admitted the PRCS violations, signed written waivers, and has already served the custodial sanction (90 days in county jail).  (See, e.g., *People v. Gutierrez, supra,* 245 Cal.App.4th at p. 399 [defendant submitted on PRCS revocation petition without contesting the probable cause determination].)  "[T]here is nothing for us to remedy, even if we were disposed to do so."  (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)

DISPOSITION

The judgment (order revoking PRCS) is affirmed.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:


YEGAN, Acting P. J.



TANGEMAN, J.


3

Gilbert A. Romero, Judge

Superior Court County of Ventura

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.