Filed 5/31/16  P. v. Murdock CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHEA PATRICK MURDOCK,<br><br>    Defendant and Appellant. | 2d Crim. No. B266855<br>(Super. Ct. No. 2012039191)<br>(Ventura County) |

Shea Patrick Murdock appeals an order revoking his postrelease community supervision (PRCS).  (Pen. Code, § 3450 et seq.)[1]  Appellant contends that his due process rights were violated because he was not provided a *Morrissey*-compliant[2] probable cause hearing.  We affirm.

FACTS AND PROCEDURAL HISTORY

In May 2013, appellant pled guilty to possession of a firearm by a felon (§ 29800, subd. (a)(1)), and was sentenced to three years in state prison.  He was released on PRCS in 2014.

On June 22, 2015, appellant admitted to his probation officer that he had ingested "three Norcos" for which he did not have a prescription.  After being advised that he would be drug tested, appellant replied, "I'm not gonna waste your time, I'm

---

[1] All statutory references are to the Penal Code.

[2] *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*).

dirty." On June 30, 2015, appellant was arrested after he admitted to owning a syringe and a digital scale and to using methamphetamine. Cocaine and a knife also were found in his residence.

On July 1, 2015, Senior Deputy Probation Officer Venessa Meza advised appellant of the alleged PRCS violations, conducted a probable cause hearing, and determined there was probable cause that appellant had violated his PRCS terms. (§ 3455, subd. (a).) Appellant was advised of his right to counsel and right to a formal revocation hearing, and that Ventura County Probation Agency was recommending 90 days in county jail. Appellant rejected the recommendation, denied violating PRCS and requested appointment of counsel.

On July 8, 2015, Ventura County Probation Agency filed a PRCS revocation petition. (§ 3455, subd. (a).) Appellant moved to dismiss the petition on due process grounds based on *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*). The trial court denied the motion, found that appellant violated PRCS and ordered him to serve 90 days in county jail (with a total credit of 34 days).

DISCUSSION

Appellant argues that his procedural due process rights were violated because he did not receive a *Morrissey*-compliant probable cause hearing. The PRCS revocation procedures challenged here are consistent with constitutional, statutory and decisional law. These procedures do not violate concepts of equal protection or due process. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393, 401-405, and *People v. B*yron (2016) 246 Cal.App.4th 1009. We follow our own precedent. The trial court did not err in denying the motion to dismiss.

Appellant contends his due process rights were violated because the probable cause hearing was not conducted by a neutral hearing officer and resembled an ex parte hearing to solicit a waiver of PRCS rights. The argument is without merit. The hearing officer (Meza) was not appellant's supervising probation officer and did not make the arrest or prepare the PRCS revocation report. (See *Morrissey, supra,* 408 U.S. at p. 485 [probable cause determination should be made by someone "not directly involved

2

in the case"]; *Williams, supra,* 230 Cal.App.4th at p. 647 [same].)  Appellant makes no showing that he was denied a fair hearing.

Moreover, the denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing.  (*In re La Croix* (1974) 12 Cal.3d 146, 154-155; *People v. Woodall* (2013) 216 Cal.App.4th 1221, 1238.)  Appellant fails to show that any due process defect prejudiced him or affected the outcome of the PRCS revocation hearing.  (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.)  Appellant submitted on all of the allegations in the PRCS revocation petition except one, which was stricken, and he has already served the custodial sanction (90 days in county jail).  (See, e.g., *People v. Gutierrez, supra*, 245 Cal.App.4th at p. 399.) "[T]here is nothing for us to remedy, even if we were disposed to do so."  (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)

DISPOSITION

The judgment (order revoking PRCS) is affirmed.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

3

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Linda L. Curry, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Senior Assistant Attorney General, and Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.