Filed 5/23/16  P. v. Emmons CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY EMMONS,<br><br>   Defendant and Appellant. | 2d Crim. No. B265295<br>(Super. Ct. No. 2010001772)<br>(Ventura County) |

Jeffrey Emmons appeals from an order revoking his postrelease community supervision (PRCS) following his admission that he violated the conditions of his release. (Pen. Code, § 3450 et seq.)[1]  He contends that his due process rights were violated because he was not provided a *Morrissey*-compliant probable cause hearing within 15 days of his arrest.  (*Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*).)  We affirm.

BACKGROUND

In 2010, Emmons was convicted after plea of guilty to possession of methamphetamine for sale under Health and Safety Code section 11378, admitting four prior sales-related convictions under Health and Safety Code section 11370.2, subdivision (c), and three prison priors within the meaning of section 667.5, subdivision (b).  The trial court sentenced him to six years in prison.

---

[1] All statutory references are to Penal Code unless otherwise stated.

Emmons was released under PRCS in March 2012. The Ventura County Probation Agency is his supervising agency. As a condition of release, he agreed to report to his probation officer as ordered and use no narcotics or dangerous drugs. He also agreed the probation agency could, without a court hearing, order "flash incarceration" in a county jail for up to 10 days if he violated a condition of his release. (§ 3453, subd. (q).)

In April 2015, Emmons did not report to his probation officer as directed and on two occasions admitted using methamphetamine. He was arrested on April 15, 2015. Two days after his arrest, Senior Deputy Probation Officer Michelle Larson met with Emmons. He admitted the violations and agreed to a period of confinement of 90 days.

Based on his admission, the probation agency filed a revocation petition. Emmons filed a "Request to Dismiss the Petition for a Violation of Jeffrey Emmons' Due Process Rights." The trial court denied the request to dismiss and granted the petition to revoke PRCS.

DISCUSSION

Emmons contends he was entitled to a judicial determination of probable cause within 15 days of his arrest, citing *Morrissey*, *supra*, 408 U.S. 471 (minimum due process safeguards for parole revocation); *People v. Vickers* (1972) 8 Cal.3d 451 (*Vickers*) (minimum due process safeguards for probation revocation); and *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (minimum due process safeguards for parole revocation after realignment).

Emmons concedes that the supervising agency found probable cause at the administrative hearing on April 17, 2015, and that he was notified of the allegations and an offer of 90 days incarceration if he waived a revocation hearing. Notwithstanding his agreement to waive a hearing and accept the 90-day offer, he argues that his waiver should have been vacated due to the lack of a *Morrissey*-compliant probable cause hearing.

2

Emmons complains that Ventura County uses an informal administrative hearing in PRCS cases which encourages the probation agency to make "waiver offers" to a defendant, who can admit the PRCS violation in exchange for an agreed upon sentence. But that procedure is expressly authorized by section 3455, subdivision (a).

He also complains that the probable cause hearings are conducted by the probation department instead of the court. But *Morrissey* expressly states that the hearing officer "need not be a judicial officer." (*Morrissey*, *supra*, 408 U.S. at p. 486.) We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393, 402 (probation officer not involved in arrest can conduct probable cause hearing). We follow our own precedent.

Perhaps more significantly, Emmons has made no showing of prejudice in view of his waiver of a hearing and admission of the violations. The denial of due process rights, if any, does not warrant reversal unless the violation results in prejudice. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.) But Emmons makes no showing that any due process defect prejudiced him. (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.) Because he waived a formal revocation hearing and admitted the violations and has served the custodial sanction "there is nothing for us to remedy, even if we were disposed to do so." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)

DISPOSITION

The order revoking PRCS is affirmed.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

3

Ryan J. Wright, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb, Supervising Deputy Attorney General, and Nathan Guttman, Deputy Attorney General, for Plaintiff and Respondent.