Filed 5/31/16  P. v. Contreras CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERNIE CONTRERAS,<br><br>    Defendant and Appellant. | 2d Crim. No. B265410<br>(Super. Ct. No. 2013023719)<br>(Ventura County) |

Ernie Contreras was subject to postrelease community supervision (PRCS) when he was arrested.  (Pen. Code, § 3451.)  He had an informal probable cause hearing before a probation officer.  Subsequently, the trial court found him in violation of PRCS.  Contreras contends, among other things, that the trial court erred because the PRCS revocation process violates his right to due process.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2014, Contreras was convicted of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)) and possession of a sawed-off shotgun (*id.*, § 33215).  He was sentenced to three years in state prison.

In January 2015, Contreras was released on PRCS.

On May 28, 2015, Contreras was arrested for violating his PRCS conditions.  His violations of PRCS included, among other things, associating with gang members and having possession or control of a "dangerous weapon."

On June 1, 2015, a probable cause hearing was held before Probation Officer Venessa Meza. Meza found probable cause for finding that Contreras violated his PRCS conditions.

In the probation officer's written report for revocation of PRCS, the probation agency stated that Contreras was advised of his right to counsel, he denied the violation, "declined to accept" a "proposed sanction," and requested a court hearing.

On June 5, 2015, the Ventura County Probation Agency filed a petition to revoke PRCS and scheduled a hearing date for June 25, 2015.

On June 25, 2015, Contreras appeared in court with counsel and denied the allegations of that petition.

On June 30, 2015, Contreras's counsel filed a motion to dismiss the petition. Contreras claimed the revocation process violated his due process rights and cited *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*). On July 1, 2015, the trial court held a hearing on that motion. The court ruled *Williams*, a parole revocation case, had no application to PRCS. It found probation had conducted a probable cause hearing consistent with *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*) standards and it denied the motion. At that hearing Contreras waived time for the revocation hearing. On July 13, 2015, he filed an appeal from the order denying his motion to dismiss the petition.

On August 12, 2015, the trial court found Contreras had violated his PRCS conditions. It ordered him to serve 180 days in the Ventura County jail with a total credit of 152 days.

DISCUSSION

Contreras contends, among other things, that 1) the process used to revoke his PRCS violated his right to due process, 2) he did not have a probable cause hearing that complied with *Morrissey* standards, 3) PRCS is not consistent with Proposition 9, 4) the hearing officer at the probable cause hearing was interested in securing a waiver

2

of rights, 5) it was not an adequate fact finding hearing, 6) it was an ex parte process, and 7) he was entitled to the procedures provided to parolees in *Williams*.

The PRCS procedures here do not violate Contreras's equal protection or due process rights. (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 402-404.) After his arrest for violating PRCS conditions, Contreras received a prompt probable cause hearing. (*Id.* at p. 402.) The PRCS hearing officers who decide probable cause are neutral decision makers. (*Morrissey, supra*, 408 U.S. at p. 485 ["someone not directly involved in the case"]; *Gutierrez*, at p. 402.) PRCS procedures and Proposition 9 parole procedures are not required to be identical. (*Gutierrez*, at pp. 403-404.) There are valid justifications for the different procedures. (*Ibid.*) The trial court found there was "no deprivation of Mr. Contreras' due process rights." Contreras has not shown that he introduced evidence in the trial court: 1) to challenge that finding, 2) to show that the hearing officers at probable cause hearings are not neutral, 3) to show that their findings are incorrect or unreliable, 4) to show that the procedure was unfair, or 5) to show that he was not afforded a prompt probable cause hearing after his arrest. He consequently is not in a position to challenge the trial court's finding that the probable cause hearings comply with *Morrissey* standards.

Moreover, the denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.) Contreras makes no showing that a due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Moore* (1975) 45 Cal.App.3d 285, 294.) The court revoked Contreras's PRCS, but he has not produced a reporter's transcript of that proceeding. Contreras has not demonstrated that the order revoking PRCS or the findings made at the probable cause hearing were incorrect. Consequently, he has not produced a record or made the required showing for a reversal. (*In re Winn* (1975) 13 Cal.3d 694, 697-698; *People v. Woodall* (2013) 216 Cal.App.4th 1221, 1238.) He has served his custodial sanction.

"[T]here is nothing for us to remedy . . . ."  (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)

We have reviewed his remaining contentions and conclude he has not shown error.

DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.