Filed 6/6/16  P. v. Coria CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JORGE CORIA,<br><br>    Defendant and Appellant. | 2d Crim. No. B265475<br>(Super. Ct. No. 2011008843)<br>(Ventura County) |

Jorge Coria appeals an order revoking his postrelease community supervision status ("PRCS"), and ordering him to serve 180 days confinement in county jail.  (Pen. Code, § 3450 et seq. ["Postrelease Community Supervision Act of 2011"].)[1]  We affirm.

### *FACTUAL AND PROCEDURAL HISTORY*

On March 24, 2011, Coria, a convicted felon, pleaded guilty to carrying a loaded firearm.  (Former § 12031, subd. (a)(1).)  The trial court suspended imposition of sentence and granted Coria 36 months of formal probation, with terms and conditions that included 180 days confinement in county jail.

Following Coria's fourth probation violation, the trial court revoked the grant of probation and sentenced Coria to 16 months in prison.  The court also imposed

---

[1] All statutory references are to the Penal Code unless stated otherwise.

various fines and fees and awarded Coria 279 days of presentence custody credit. On November 18, 2014, the Department of Corrections and Rehabilitation released Coria into the PRCS program.

On May 23, 2015, Oxnard police officers arrested Coria outside a fast-food restaurant. Coria, armed with a loaded revolver and a container of ammunition, was threatening to rob the restaurant. Coria's actions violated the terms of his PRCS requiring that he not engage in criminal conduct and that he not own, use, or have access to a firearm or to ammunition.

On May 26, 2015, Senior Deputy Probation Officer Venessa Meza advised Coria of the alleged violations, conducted an administrative probable cause hearing, and determined that there was probable cause to believe that Coria had violated his PRCS terms. Meza advised Coria of his right to counsel and right to a formal revocation hearing and that she was recommending that he serve 180 days confinement in county jail. Coria denied committing the violations, declined to accept Meza's recommendation, and demanded a formal revocation hearing.

On June 1, 2015, the Ventura County Probation Agency filed a PRCS revocation petition. (§ 3455.) On June 18, 2015, Coria filed a motion to dismiss the petition pursuant to *Morrissey v. Brewer* (1972) 408 U.S. 471, *Williams v. Superior Court* (2014) 230 Cal.App.4th 636, and constitutional principles of due process of law. The trial court denied the motion. On July 29, 2015, Coria submitted on the allegations in the revocation petition. The court found the allegations true, revoked Coria's PRCS status, and ordered him to serve 180 days confinement in county jail, with credit for 136 days served.

Coria appeals and contends that he was denied due process of law because he did not receive a *Morrissey*-compliant probable cause hearing.

*DISCUSSION*

Coria argues that he did not receive due process of law because his probable cause hearing was not conducted by a neutral hearing officer, and it resembled

2

an ex parte interview designed to solicit a waiver of PRCS rights without sufficient procedural safeguards.

The trial court did not err by denying Coria's motion to dismiss the revocation petition.

The PRCS revocation procedures here satisfy constitutional, statutory, and decisional law. The procedures do not violate constitutional principles of equal protection of the law or due process of law. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393, 401-405; Coria has not presented reasons to depart from our precedent.

Moreover, the probable cause hearing officer here was not Coria's supervising probation officer and did not arrest him or prepare the PRCS revocation report. (*Morrissey v. Brewer*, *supra*, 408 U.S. 471, 485 [probable cause determination should be made by a person "not directly involved in the case"]; *People v. Gutierrez, supra,* 245 Cal.App.4th 393, 401 [same]; *Williams v. Superior Court, supra,* 230 Cal.App.4th 636, 647 [same].) Coria has not established that he was denied a fair hearing.

In any event, denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154 ["a parolee whose parole has been revoked after a properly conducted revocation hearing is not entitled to have the revocation set aside unless it appears that the failure to accord him a prerevocation hearing resulted in prejudice to him at the revocation hearing"]; *People v. Woodall* (2013) 216 Cal.App.4th 1221, 1238 [defendant does not dispute that at the final revocation hearing he received the procedural due process rights to which he was entitled].) Coria does not establish that any alleged due process defect prejudiced him or affected the outcome of the revocation hearing. (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant bears burden of establishing prejudice]; *Woodall,* at p. 1238 [same].) He requested and received a formal revocation hearing. There, he submitted on the allegations of the revocation petition and served the

3

custodial sanction. "[T]here is nothing for us to remedy, even if we were disposed to do so." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:


PERREN, J.


TANGEMAN, J.


4

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.