Filed 6/14/16  P. v. Ochoa CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JULIO JOSE OCHOA,<br><br>    Defendant and Appellant. | 2d Crim. No. B265541<br>(Super. Ct. No. 10WF1764)<br>(Ventura County) |

Julio Jose Ochoa appeals an order revoking his Post Release Community Supervision (PRCS; Pen. Code, § 3450 et seq.)[1] and committing him to 150 days county jail.  (§ 3455, subd. (d).)  Appellant contends that his due process rights were violated because he was not provided a *Morrissey*-compliant probable cause hearing (*Morrissey v. Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484] (*Morrissey*).)  We affirm.

*Facts and Procedural History*

In 2010, appellant was convicted of fraudulent possession of identifying information (§ 530.5, subd. (c)(3)) and sentenced to 32 months state prison.  Appellant was released from state prison on March 6, 2013, served a federal prison term, and was placed on PRCS on November 26, 2013.

On October 16, 2014, PRCS was revoked and appellant was ordered to serve 180 days county jail.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

On April 18, 2015, appellant was arrested again for violating PRCS. On April 27, 2015, Senior Deputy Probation Officer V. Meza advised appellant of the alleged PRCS violations (heroin and methamphetamine use, failing to report to probation or for drug testing), conducted a probable cause hearing, and determined there was probable cause that appellant had violated his PRCS terms. (§ 3455, subd. (a).) Appellant was advised of his right to counsel and right to a formal revocation hearing, and that Ventura County Probation Agency recommended 180 days county jail. Appellant acknowledged that he failed to report to his probation officer, said that he had "nothing to lose by taking it to Court," and requested a formal revocation hearing.

On May 1, 2015, Ventura County Probation Agency filed a PRCS revocation petition. (§ 3455, subd. (a).) Appellant appeared with counsel and made a *Williams* motion (*Williams v. Superior Court* (2014) 230 Cal.App.4th 636) to dismiss the petition on due process grounds. After the trial court denied the motion, appellant submitted on the allegations and was ordered to serve 150 days county jail with 68 days credit.

*Discussion*

Appellant argues that his procedural due process rights were violated because he did not receive a *Morrissey*-compliant probable cause hearing. The PRCS revocation procedures here challenged are consistent with constitutional, statutory, and decisional law. These procedures do not violate concepts of equal protection or due process of law. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393. We follow our own precedent. The trial court did not err in denying the motion to dismiss.

Appellant contends that his due process rights were violated because the probable cause hearing was not conducted by a neutral hearing officer and resembled an ex-parte hearing to solicit a waiver of PRCS rights.[2] The record reflects that the hearing

---

[2] Appellant claims that he was not advised that he had 24 to 48 business hours to prepare a response for the probable cause hearing or that he could request a continuance. The probation officer's report does not say whether or not those advisements were made. When the motion to dismiss was argued, appellant presented no evidence about what

officer (Meza) was not appellant's supervising probation officer or the one who reported the PRCS violation or recommended revocation. Appellant was afforded a neutral hearing officer. (See *Morrissey, supra,* 408 U.S. at p. 486 [33 L.Ed.2d at p. 497]; *Williams, supra,* 230 Cal.App.4th at p. 647 [probable cause finding must be by someone not directly involved in the case].)

The denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.) Appellant makes no showing that any due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.) Appellant admitted the PRCS violations and served the custodial sanction (150 days county jail). (See e.g., *People v. Gutierrez, supra,* 245 Cal.App.4th at p. 399 [defendant submitted on PRCS revocation petition without contesting probable cause determination].) "[T]here is nothing for us to remedy, even if we were disposed to do so." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18 [140 L.Ed.2d 43, 56].)

*Disposition*

The judgment (order revoking PRCS) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J., Acting P. J.

We concur:

PERREN, J.

TANGEMAN, J.

---

occurred at the probable cause hearing. Having failed to make an adequate record for review, appellant is precluded from speculating on matters outside the record. (*People v. Foss* (2007) 155 Cal.App.4th 113, 126-127 [offer of proof required to preserve issue on appeal].)

3

Ryan Wright, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb, Supervising Deputy Attorney General, Nathan Guttman, Deputy Attorney General, for Plaintiff and Respondent.