Filed 6/14/16  P. v. Craig CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KENNETH RAY CRAIG,<br><br>    Defendant and Appellant. | 2d Crim. No. B266504<br>(Super. Ct. No. 2012028786)<br>(Ventura County) |

        Kenneth Ray Craig appeals an order revoking his Post Release Community Supervision (PRCS; Pen. Code, § 3450 et seq.) [1] after he submitted on a PRCS revocation petition and was ordered to serve 160 days county jail.  Appellant contends that his due process rights were violated because he was not provided a *Morrissey*-compliant probable cause hearing (*Morrissey v. Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484] (*Morrissey*).)  We affirm.

*Facts and Procedural History*

        In 2012, appellant was convicted by plea of possession of heroin for sale (Health & Saf. Code, § 11351) and granted 36 months formal probation.  Probation was terminated on April 3, 2013 and appellant was sentenced to two years state prison.  On September 8, 2013, appellant was released from custody and placed on PRCS.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

On May 19, 2015 appellant was arrested for possession of methamphetamine (Health & Saf. Code, § 11550) and violation of his PRCS terms (failing to report and test, failing to register, failure to obey laws). It was appellant's third violation since being released on PRCS. On May 21, 2015, Senior Deputy Probation Officer Meza advised appellant of the alleged PRCS violations, conducted a probable cause hearing, and determined there was probable cause that appellant had violated his PRCS terms. (§ 3455, subd. (a).) Appellant was advised of his right to counsel and right to a formal revocation hearing, and that Ventura County Probation Agency recommended 180 days county jail. Appellant refused the waiver offer and requested a formal court hearing.

On May 28, 2015, Ventura County Probation Agency filed a PRCS revocation petition. (§ 3455, subd. (a).) Appellant appeared with counsel on June 11, 2015, denied the allegations in the petition, and filed a *Williams* motion (*Williams v. Superior Court* (2014) 230 Cal.App.4th 636) to dismiss on due process grounds. The trial court denied the motion on June 18, 2015, finding no due process violation.

At the June 24, 2015 revocation hearing, appellant submitted on the petition to revoke PRCS. The trial court found the allegations to be true, found appellant to be in violation of PRCS, and ordered appellant to serve 160 days with 74 days credit for time served.

*Discussion*

Appellant argues that his procedural due process rights were violated because he did not receive a *Morrissey*-compliant probable cause hearing. The PRCS revocation procedures here challenged are consistent with constitutional, statutory, and decisional law. These procedures do not violate concepts of equal protection or due process of law. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393. We follow our own precedent. The trial court did not err in denying the motion to dismiss.

Appellant contends that the probable cause hearing was an ex parte interview to solicit a waiver and was not conducted by a neutral hearing officer. The

2

record reflects that the hearing officer (Meza) was not appellant's supervising probation officer or the one who reported the PRCS violation or recommended revocation. Appellant was afforded a neutral hearing officer. (See *Morrissey, supra*, 408 U.S. at p. 486 [33 L.Ed.2d at p. 497]; *Williams*, *supra*, 230 Cal.App.4th at p. 647 [probable cause finding must be by someone not directly involved in the case].) The trial court so found.

The denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155; *People v. Woodall* (2013) 216 Cal.App.4th 1221, 1238.) Appellant makes no showing that any due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.) Appellant submitted on the PRCS revocation petition and has already served the custodial sanction. (See e.g., *People v. Gutierrez, supra,* 245 Cal.App.4th at p. 399 [defendant submitted on PRCS revocation petition without contesting probable cause determination].) "[T]here is nothing for us to remedy, even if we were disposed to do so." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18 [140 L.Ed.2d 43, 56].)

*Disposition*

The judgment (order revoking PRCS) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, Acting, P. J.

We concur:


PERREN, J.


TANGEMAN, J.


3

Donald Coleman, Judge

Superior Court County of Ventura

_____

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.