Filed 6/15/16  P. v. Pineda CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE PINEDA,<br><br>    Defendant and Appellant. | 2d Crim. No. B267047<br>(Super. Ct. No. 2012020132)<br>(Ventura County) |

Jose Pineda appeals an order revoking his Post Release Community Supervision (PRCS; Pen. Code, § 3450 et seq.), entered after he admitted violating PRCS and agreed to serve 180 days county jail.[1]  Appellant contends, among other things, that his due process rights were violated because he was not provided a *Morrissey*-compliant probable cause hearing (*Morrissey v. Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484] (*Morrissey*).  We affirm.

*Facts and Procedural History*

In 2013, appellant pled guilty to joyriding (Veh. Code, § 10851, subd. (a)), obstructing an officer (§ 148, subd. (a)(1)), and disobeying a gang injunction (§ 166, former subd. (a)(10)).  Appellant was sentenced to 16 months state prison and, on January 16, 2014, released from prison and placed on PRCS supervision.

---

[1]  All statutory references are to the Penal Code unless otherwise stated.

On July 8, 2015 appellant was arrested on a warrant for violating PRCS. On July 9, 2015, Senior Deputy Probation Officer Venessa Meza informed appellant of the PRCS violations and that Ventura County Probation Agency recommended 180 days county jail, and found there was probable cause that appellant had violated his PRCS terms. Appellant waived in writing his right to a revocation hearing and agreed to serve 180 days county jail. Later that day, appellant was arraigned with counsel and advised the court that Meza explained all of his rights and the reasons for the alleged violations.

On July 14, 2015, a petition for revocation of PRCS was filed alleging that appellant had served four flash incarcerations and one PRCS revocation for failure to obey all laws, failure to report to probation, failure to drug test, drug use, associating with gang members, and failing to follow GPS supervision requirements. Appellant filed a *Williams* motion (*Williams v. Superior Court* (2014) 230 Cal.App.4th 636) to dismiss on due process grounds which was denied July 23, 2015. The superior court approved the written waivers and ordered appellant to serve 180 days county jail with 16 days actual credit plus good time/work time.

*Discussion*

Appellant argues that his due process rights were violated because he did not receive a *Morrissey*-compliant probable cause hearing. The PRCS revocation procedures here challenged are consistent with constitutional, statutory, and decisional law. These procedures do not violate concepts of equal protection or due process of law. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393 and *People v. Byron* (2016) 246 Cal.App.4th 1009 (petition for review filed May 24, 2016, S234734). We follow our own precedent.

Appellant contends that his due process rights were violated because the probable cause hearing was little more than an ex-parte interview to secure a waiver of his rights. (§ 3455, subd. (a).) Appellant argues that he was not provided a PRCS form and that the hearing officer (Meza) was not a neutral hearing officer. The record reflects that the hearing officer was not appellant's supervising probation officer or the one who

2

reported the PRCS violation or recommended the PRCS revocation. Appellant was afforded a neutral hearing officer. (See *Morrissey, supra*, 408 U.S. at p. 486 [33 L.Ed.2d at p. 497] [probable cause finding must be by someone not directly involved in the case]; *Williams, supra*, 230 Cal.App.4th at p. 647 [same].) The hearing officer need not be a judicial officer or a lawyer. (*Morrissey, supra*, 408 U.S. at p. 489 [33 L.Ed.2d at p. 499].)

The denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless the violation results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155; *People v. Woodall* (2013) 216 Cal.App.4th 1221, 1228.) Appellant makes no showing that any due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.) Appellant admitted the PRCS violations and served the custodial sanction (180 days county jail). (See e.g., *People v. Gutierrez, supra*, 245 Cal.App.4th at p. 399 [defendant submitted on PRCS revocation petition without contesting probable cause determination].) "[T]here is nothing for us to remedy, even if we were disposed to do so." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18 [140 L.Ed.2d 43, 56].)

*Disposition*

The judgment (order revoking PRCS) is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J**.**

TANGEMAN, J.

3

Bruce A. Young, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.