Filed 6/20/16  P. v. Schoen CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RYAN SCHOEN,<br><br>    Defendant and Appellant. | 2d Crim. No. B267145<br>(Super. Ct. No. 2012040638)<br>(Ventura County) |

Ryan Schoen appeals an order revoking his Post Release Community Supervision (PRCS; Pen. Code, § 3450 et seq.)[1] and ordering him to serve 90 days county jail with 66 days credit.  (§ 3455, subd. (d).)  Appellant contends that his due process rights were violated because he was not provided a *Morrissey*-compliant probable cause hearing (*Morrissey v. Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484] (*Morrissey*).)  We affirm.

*Facts and Procedural History*

In 2014, appellant was convicted of felony driving under the influence (Veh. Code, §§ 23550.5; 23152, subd. (a)) and sentenced to three years state prison. Appellant was released from prison on March 26, 2015 and placed on PRCS.

On July 23, 2015, appellant was arrested for violating the following PRCS terms:  (1) driving on a suspended license in an unregistered vehicle; (2) operating a

---

[1] All statutory references are to the Penal Code unless otherwise stated.

motor vehicle not properly licensed and insured; (3) failing to maintain a residence approved by his probation officer; (4) possessing narcotics paraphernalia; (5) failing to show proof of license and insurance to his probation officer; and (6) failing to equip his vehicle with an ignition interlock device.

On July 27, 2015, Senior Deputy Probation Officer Venessa Meza advised appellant of the alleged PRCS violations, conducted a probable cause hearing, and determined there was probable cause that appellant had violated his PRCS terms. (§ 3455, subd. (a).) Appellant was advised of his right to counsel and right to a formal revocation hearing, and that Ventura County Probation Agency recommended 90 days county jail. Appellant refused the waiver offer and requested a formal revocation hearing, stating that he wanted to see if the court would give him less time.

On July 31, 2015, Ventura County Probation Agency filed a PRCS revocation petition. (§ 3455, subd. (a).) Appellant appeared with counsel and made a *Williams* motion (*Williams v. Superior Court* (2014) 230 Cal.App.4th 636) to dismiss on due process grounds. After the trial court denied the motion on August 6, 2015, appellant submitted on the petition and was ordered to serve 90 days county jail with 66 days credit.

*Discussion*

Appellant argues that his procedural due process rights were violated because he did not receive a *Morrissey*-compliant probable cause hearing. The PRCS revocation procedures here challenged are consistent with constitutional, statutory, and decisional law. These procedures do not violate concepts of equal protection or due process of law. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393. We follow our own precedent. The trial court did not err in denying the motion to dismiss.

Appellant contends that his due process rights were violated because the probable cause hearing was not conducted by a neutral hearing officer and resembled an ex-parte hearing to solicit a waiver of PRCS rights. We reject the argument because the hearing officer (Meza) was not appellant's supervising probation officer and did not make

2

the arrest or prepare the PRCS revocation report.  (See *Morrissey, supra*, 408 U.S. at p. 485-486 [33 L.Ed.2d at p. 497] [probable cause determination should be made by someone "not directly involved in the case"]; *Williams, supra*, 230 Cal.App.4th at p. 647 [same].)  Appellant received a fair hearing and refused the waiver offer.

The denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing.  (*In re La Croix* (1974) 12 Cal.3d 146, 154-155; *People v. Woodall* (2013) 216 Cal.App.4th 1221, 1238.) Appellant makes no showing that any due process defect prejudiced him or affected the outcome of the PRCS revocation hearing.  (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.)  Appellant submitted on the revocation petition and served the custodial sanction (90 days county jail).  (See e.g., *People v. Gutierrez, supra,* 245 Cal.App.4th at p. 399 [defendant submitted on PRCS revocation petition without contesting probable cause determination].)  "[T]here is nothing for us to remedy, even if we were disposed to do so."  (*Spencer v. Kemna* (1998) 523 U.S. 1, 18 [140 L.Ed.2d 43, 56].)

*Disposition*

The judgment (order revoking PRCS) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.


3

David Worley / Donald D. Coleman, Judges

Superior Court County of Ventura

_____

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.