Filed 6/23/16  P. v. Cervantes CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DOMINGO CERVANTES,<br><br>    Defendant and Appellant. | 2d Crim. No. B267116<br>(Super. Ct. No. 2012034793)<br>(Ventura County) |

Domingo Cervantes appeals an order revoking his postrelease community supervision status ("PRCS"), and ordering him to serve 160 days confinement in county jail.  (Pen. Code, § 3450 et seq. ["Postrelease Community Supervision Act of 2011"].)[1] We affirm.

*FACTUAL AND PROCEDURAL HISTORY*

On November 9, 2012, Cervantes pleaded guilty to misdemeanor street terrorism (count 1), possession of a firearm by a felon (count 2), and resisting a police officer (count 3).  (§§ 186.22, subd. (a), 29800, subd. (a)(1), 148, subd. (a)(1).) Cervantes also admitted suffering a prior serious felony and strike conviction and serving two prior prison terms.  (§§ 667, subd. (a), 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b).)  As part of a plea agreement, the trial court struck the prior serious felony and strike conviction and prison term allegations.  It then sentenced Cervantes to a

---

[1] All statutory references are to the Penal Code unless stated otherwise.

midterm two-year prison term for count 2, and 90 days confinement in county jail, to be served concurrently to count 2, for each of the remaining counts. The court imposed a $600 restitution fine, a $600 parole revocation restitution fine (suspended), a $40 court security assessment, and a $30 criminal conviction assessment. (§§ 1202.4, subd. (b), 1202.45, 1465.8, subd. (a); Gov. Code, § 70373.) It also awarded Cervantes 160 days of presentence custody credit.

On February 26, 2014, the Department of Corrections and Rehabilitation released Cervantes into the PRCS program. On July 15, 2015, Cervantes was arraigned on a warrant for violating the terms of his PRCS program. This PRCS violation, his sixth, involved his failure to attend residential drug treatment and submit to drug testing, among other things.

On July 15, 2015, Senior Deputy Probation Officer Venessa Meza advised Cervantes of the alleged violations, conducted an administrative probable cause hearing, and determined that there was probable cause to believe that he had violated his PRCS terms. Meza advised Cervantes of his right to counsel and right to a formal revocation hearing and that she was recommending that he serve 180 days confinement in county jail. Cervantes denied committing the violations, declined to accept Meza's recommendation, and demanded a formal revocation hearing.

On July 22, 2015, the Ventura County Probation Agency filed a PRCS revocation petition, alleging that Cervantes failed to: 1) participate in drug rehabilitation; 2) report to probation within 48 hours of leaving the drug rehabilitation program; 3) maintain a residence approved by the probation officer; 4) submit to drug testing; and 5) actively participate in substance abuse treatment. (§ 3455.) On July 24, 2015, Cervantes filed a motion to dismiss the petition pursuant to *Morrissey v. Brewer* (1972) 408 U.S. 471, *Williams v. Superior Court* (2014) 230 Cal.App.4th 636, and constitutional principles of due process of law. The trial court denied the motion. On July 30, 2015, Cervantes submitted on the allegations in the revocation petition. The court found the allegations true, revoked Cervantes's PRCS status, and ordered him to serve 160 days confinement in county jail, with credit for 34 days served.

Cervantes appeals and contends that he was denied due process of law because he did not receive a *Morrissey*-compliant probable cause hearing.

*DISCUSSION*

Cervantes argues that he did not receive due process of law because his probable cause hearing was not conducted by a neutral hearing officer and was analogous to an early disposition conference. He claims that the hearing occurred *too soon* following his arrest, precluding him from preparing a response and marshalling evidence. Cervantes contends that the probable cause hearing resembled an ex parte interview designed to solicit a waiver of PRCS rights without sufficient procedural safeguards.

The trial court did not err by denying Cervantes's motion to dismiss the revocation petition.

The PRCS revocation procedures employed here satisfy constitutional, statutory, and decisional law. The procedures do not violate constitutional principles of equal protection of the law or due process of law. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393, 401-405. Cervantes has not presented reasons to depart from our precedent.

Moreover, the probable cause hearing officer here was not Cervantes's supervising probation officer and did not arrest him or prepare the PRCS revocation report. (*Morrissey v. Brewer*, *supra*, 408 U.S. 471, 485 [probable cause determination should be made by a person "not directly involved in the case"]; *People v. Gutierrez*, *supra*, 245 Cal.App.4th 393, 401 [same]; *Williams v. Superior Court*, *supra*, 230 Cal.App.4th 636, 647 [same].) Cervantes has not established that he was denied a fair hearing.

PRCS procedure also does not violate Proposition 9 ("Victims' Bill of Rights Act of 2008: Marsy's Law") because PRCS is different from parole and section 3044 does not apply to PRCS revocations which are governed by section 3455. (*People v. Byron* (2016) 246 Cal.App.4th 1009, 1017-1018 (petition for review filed May 24, 2016, S234734). Cervantes's argument that section 3455, enacted as part of the 2011 Realignment Act, illegally bypasses Proposition 9 without a super-majority vote of the

3

Legislature is without merit. (See *Williams v. Superior Court*, *supra*, 230 Cal.App.4th 636, 658 [Proposition 9 may not be amended except by statute passed by a super-majority of Legislature or by statute that becomes effective only when approved by the voters].)

In any event, denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154 ["a parolee whose parole has been revoked after a properly conducted revocation hearing is not entitled to have the revocation set aside unless it appears that the failure to accord him a prerevocation hearing resulted in prejudice to him at the revocation hearing"]; *People v. Woodall* (2013) 216 Cal.App.4th 1221, 1238 [defendant does not dispute that at the final revocation hearing, he received the procedural due process rights to which he was entitled].) Cervantes does not establish that any alleged due process defect prejudiced him or affected the outcome of the revocation hearing. (*In re Winn* (1975) 13 Cal.3d 694, 698 [petitioner bears burden of establishing prejudice]; *Woodall*, at p. 1238 [same].) He requested and received a formal revocation hearing. There, he submitted on the allegations of the revocation petition and served the custodial sanction. "[T]here is nothing for us to remedy, even if we were disposed to do so." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)

The order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.


4

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.