Filed 7/27/16  P. v. Lopez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RONALD LOPEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B266399<br>(Super. Ct. No. 2012005480)<br>(Ventura County) |

Ronald Lopez appeals from an order approving a written waiver in which he admitted violating postrelease community supervision (PRCS) (Pen. Code, § 3450 et seq.),[1] and agreed to serve 180 days in county jail.  (§§ 3455, subd. (a), 1203.2, subd. (b)(1).)  Appellant contends the waiver must be set aside because he was not advised of his right to counsel or provided a *Morrissey*-compliant[2] probable cause hearing.  He also contends the waiver was not voluntary.  We affirm.

FACTS AND PROCEDURAL HISTORY

In March 2012, appellant pled guilty to willfully evading a police officer (Veh. Code, § 2800.2, subd. (a)) and admitted two of eight prior prison term allegations. He was sentenced to the midterm of two years, plus two years pursuant to section 667.5,

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*).

subdivision (b), for a total term of four years.  He was released on PRCS approximately two years later.

On April 17, 2014, the Ventura County Probation Agency (Agency) obtained a bench warrant after appellant failed to report for an office visit.  When police officers went to appellant's home to execute the warrant, appellant attempted to drive away and was arrested for resisting arrest.  (§ 148, subd. (a)(1).)

On May 11, 2015, appellant appeared for arraignment on the bench warrant.  The trial court discharged the warrant and ordered appellant to report to his probation officer.  That evening, Senior Deputy Probation Officer Venessa Meza visited appellant in jail and conducted a probable cause hearing in which she informed him of his alleged PRCS violations, i.e., failure to report, use of narcotics and failure to participate in a treatment program.  After Meza advised appellant of his rights, appellant signed a Post Release Community Supervision Advisement of Rights and Acknowledgment Revocation (hereinafter "PROS waiver" or "waiver") stating that he understood his rights, waived those rights and accepted the proposed modification of a 180-day jail sentence.

On May 19, 2015, the Agency filed a revocation petition pursuant to section 3455.  Appellant responded by filing a request to vacate the PROS waiver.  He argued that the waiver was not voluntary and that his due process rights were violated.

On June 22, 2015, the trial court held an evidentiary hearing on appellant's request to vacate the PROS waiver.  The trial court denied the request, finding that appellant's testimony was not credible.  Consistent with the waiver, it found appellant in violation of his PRCS conditions and sentenced him to 180 days in county jail with 90 days credit.  The court subsequently released appellant for substance abuse treatment.

DISCUSSION

*Voluntary Waiver*

Appellant contends that the PROS waiver was not voluntary and that he did not relinquish his right to a formal revocation hearing.  (See *Johnson v. Zerbst* (1938)

2

304 U.S. 458, 464; *People v. Panizzon* (1996) 13 Cal.4th 68, 80 [voluntariness of waiver is reviewed de novo].)  We are not persuaded.

Under the PRCS Act of 2011, violation of PRCS can result in immediate sanctions, including up to 10 days of flash incarceration.  (§ 3454, subd. (b).)  If the supervising county agency determines that intermediate sanctions are not appropriate, it "shall petition the court pursuant to Section 1203.2 to revoke, modify, or terminate postrelease community supervision." (§ 3455, subd. (a).)  Section 3455, subdivision (a) states:  "At any point during the process initiated pursuant to this section, a person may waive, in writing, his or her right to counsel, admit the violation of his or her postrelease community supervision, waive a court hearing, and accept the proposed modification of his or her postrelease community supervision."

That is what occurred here.  On May 11, 2015, Meza visited appellant at the county jail.  She informed appellant that he had a right to written notice of the allegations against him and a right to an administrative probable cause hearing no later than two business days after a hold was placed on him, that he had between 24 and 48 hours to prepare a response, and that he had a right to present documents and speak on his behalf at the hearing.  She also told him he had the right to an attorney at a revocation hearing.  Appellant said he understood those rights.

Meza also presented appellant with a PROS waiver.  Because appellant did not have his reading glasses with him, Meza read the entire waiver to him.  Appellant was able to follow along by listening to her.  Appellant testified that Meza told him that the waiver was something the public defender did not want defendants to sign.  Appellant understood this to mean that he should sign the waiver, because he did not want to make "any waves" or have problems with his probation officer.  He was particularly concerned about the possibility of retaliation if he refused to sign the waiver.

Hilda Castillo, appellant's assigned probation officer, testified that she met with appellant on June 8, 2015.  At that time, appellant told her that he believed 180 days was a fair sentence since "he had been out to warrant for one year."  He said he did not feel pressured to sign the documents and did not indicate he was unable to read them.

3

Appellant's comments suggested to Castillo that he understood the contents of the waiver. Appellant expressed concern that the public defender would fight the allegations and wanted the officers to know that it was not appellant who was challenging them. He also wanted the officers to understand that he did not believe that Meza forced him sign the waiver and reiterated his belief "that it was a fair sentence."

The trial court believed the probation officers' testimony. It stated: "I've heard two witnesses testify as to statements that Mr. Lopez made to them. I believe in the credibility of those two witnesses. And I don't believe the credibility of Mr. Lopez. Therefore the Court finds there's a valid waiver."

The testimony of Meza and Castillo supports the finding that appellant knowingly and voluntarily waived his right to a formal revocation hearing. It was only after he signed the waiver that he had second thoughts. It is well settled that buyer's remorse is not grounds for vacating a guilty plea. (*In re Vargas* (2000) 83 Cal.App.4th 1125, 1143-1144; *People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.) The same is true of a PRCS revocation where the defendant admits the PRCS violation, waives the right to a formal revocation hearing and agrees to serve the recommended jail term. We conclude appellant has not demonstrated error.

*Due Process Claims*

Appellant argues that his procedural due process rights were violated because he did not receive a *Morrissey*-compliant probable cause hearing. The PRCS revocation procedures here challenged are consistent with constitutional, statutory, and decisional law. These procedures do not violate concepts of equal protection or due process. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393, 401-405, and *People v. Byron* (2016) 246 Cal.App.4th 1009, 1014-1018. We follow our own precedent.

Appellant further contends his due process rights were violated because the probable cause hearing was not conducted by a neutral hearing officer and resembled an ex parte hearing to solicit a waiver of PRCS rights. This argument is without merit. The hearing officer (Meza) was not appellant's supervising probation officer and did not

4

make the arrest or prepare the PRCS revocation report.  (See *Morrissey*, *supra*, 408 U.S. at p. 485 [probable cause determination should be made by someone "not directly involved in the case"]; *Williams v. Superior Court* (2014) 230 Cal.App.4th 636, 647 [same].)  Appellant makes no showing that he was denied a fair hearing.

Moreover, the denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing.  (*In re La Croix* (1974) 12 Cal.3d 146, 154-155; *People v. Woodall* (2013) 216 Cal.App.4th 1221, 1238.)  Appellant fails to show that any due process defect prejudiced him or affected the outcome of the PRCS revocation hearing.  (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.)  Appellant admitted his PRCS violations and has already served the custodial sanction.  (See, e.g., *People v. Gutierrez*, *supra*, 245 Cal.App.4th at p. 399.)  "[T]here is nothing for us to remedy, even if we were disposed to do so."  (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)  We have reviewed appellant's remaining contentions and conclude he has not shown grounds for reversal.

## DISPOSITION

The judgment (order approving written waiver and modifying PRCS) is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

YEGAN, Acting P. J.

TANGEMAN, J.

5

Donald D. Coleman, Judge

Superior Court County of Ventura
_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and J. Michael Lehmann, Deputy Attorney General, for Plaintiff and Respondent.